1

UNITED STATES DISTRICT COURT

2

EASTERN DISTRICT OF WASHINGTON

3

4

5

6

7

8

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

PAUL E. HINES,

        Defendant.

No. CR-03-2023-FVS

ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE

9

10

11

12

13

14

    **BEFORE THE COURT** is Defendant's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Ct. Rec. 94). Defendant requests that the Court apply Amendment 709 retroactively to reduce his sentence from 180 months to 120 months. (Ct. Rec. 95). Defendant is proceeding pro se. The government is represented by Assistant United States Attorney Robert A. Ellis.

15

    **BACKGROUND**

16

17

18

19

20

21

    Defendant entered guilty pleas to Count 1, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and Count 2, False Statement in Acquisition of a Firearm, in violation of 18 U.S.C. § 922(A)(6), and, on May 20, 2004, was sentenced to a term of 180 months imprisonment. The Ninth Circuit affirmed Defendant's sentence on October 17, 2005. (Ct. Rec. 91).

22

23

24

25

26

    Defendant's Total Adjusted Offense Level for counts 1 and 2 was 30. PSIR ¶¶ 29-45. Defendant's criminal history points totaled 12; however, it included six cases which scored one point each. Only four points could be allowed in accordance with U.S.S.G. § 4A1.1(c). This resulted in a criminal history score of 10 and a Criminal History

Category of V.  PSIR ¶ 126.  Defendant's guideline range, based on an

Adjusted Offense Level of 30 and a Criminal History Category of V, was

151 to 188 months.  However, based upon Defendant's criminal history,

he came within the scope of the Armed Career Criminal Act, 18 U.S.C. §

924(e).  Accordingly, a statutory mandatory minimum sentence of

fifteen years (180 months) was applied.  Defendant was sentenced to

the mandatory minimum 180 months incarceration.

**DISCUSSION**

Defendant asserts that his sentence should be adjusted based on

Amendment 709 to the United States Sentencing Guidelines.  (Ct. Rec.

94).

On November 1, 2007, the United States Sentencing Commission

adopted Amendment 709, which amended Guidelines §§ 4A1.1 and 4A1.2

concerning how misdemeanor and petty offenses are calculated when

determining a defendant's criminal history score.  Since Defendant was

sentenced before November 1, 2007, Amendment 709 must be retroactive

to apply in this case.  Guideline § 1B1.10, titled Reduction in Term

of Imprisonment as a Result of Amended Guideline Range (Policy

Statement), lists all Guideline Amendments that are retroactive.[1]

Because Amendment 709 is not listed in § 1B1.10(c), it is not

retroactive and, therefore, is not applicable in this case.  *See,*

*United States v. Peters,* 524 F.3d 905, 907 (8th Cir. 2008) (per

---

[1]U.S. Sentencing Guidelines Manual § 1B1.10(c) (Supp. 2007)
reads:  "Amendments covered by this policy statement are listed
in Appendix C as follows:  126, 130, 156, 176, 269, 329, 341,
371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516,
591, 599, 606, 657, 702, and 706 as amended by 711."

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 2

curiam) (holding that Amendment 709 is not given retroactive treatment and the district court was therefore barred from applying it).

Because the Guideline Amendment upon which Defendant relies may not be applied retroactively, there is no legal basis for computing the guideline sentence applicable to the offense of conviction differently than it was computed at sentencing.  Moreover, even if Amendment 709 applied to Defendant, it would make no difference since there was a mandatory minimum sentence of fifteen years (180 months) based upon the Armed Career Criminal Act, 18 U.S.C. § 924(e), in this case.  Defendant received the lowest sentence available.  Based on the foregoing, a reduction of Defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2).

The Court being fully advised, **IT IS HEREBY ORDERED** that Defendant's Motion to Reduce Sentence (**Ct. Rec. 94**) is **DENIED.**

Since this is not a "crack cocaine" reduction motion, the District Court Executive is directed to correct the text of the docket entries for Ct. Rec. 94-97 by striking the references to "Crack Cocaine Offense."

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to **Defendant** and counsel for the government, and **close the file**.

**DATED** this ___24th___ day of November, 2008.


_S/Fred Van Sickle_
Fred Van Sickle
Senior United States District Judge


ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 3