Alison K. Guernsey
Meredith B. Esser
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98902
509-248-8920

Attorney for Defendant
Paul Hines

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| United States of America, | |
|---|---|
| Plaintiff, | No. 2:03-CR-2023-SAB |
| v. | **28 U.S.C. § 2255**<br>**Petition to Vacate Sentence**<br>**and for Immediate Release** |
| Paul Hines, | |
| Petitioner. | **With Oral Argument**<br>**December 9, 2015 at 3:00 pm**<br>**Yakima, WA** |

Paul Hines petitions this Court to issue an order vacating his sentence, issuing a new judgment, and providing for his immediate release. As explained in detail below, Mr. Hines has already served more than the ten-year maximum sentence that would have applied without the determination that he was an Armed Career Criminal. He

Petition to Vacate Sentence: 1

is thus currently serving a sentence in excess of that authorized by law.[1]

The defense has requested an expedited hearing on this petition because of the liberty interest involved. The Government is in agreement with an expedited hearing, provided that it is able to respond to this petition no later than December 2, 2015. The defense has no objection to that response deadline and requests twenty-four hours to reply following the Government's filing.

Additionally, because this petition "involves only a conference or hearing on a question of law" Mr. Hines need not be present for the petition's argument or adjudication. *See* Fed. R. Crim. P. 43.

## I. Background

On March 11, 2003, a grand jury returned a two-count Superseding Indictment charging Mr. Hines with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and false statement in

---

[1] Title 28 U.S. Code § 2255 specifically provides that any motion claiming that a sentence is "in excess of the maximum authorized by law" should be made in the "court which imposed the sentence[.]" This Court therefore has jurisdiction over this habeas action.

Petition to Vacate Sentence: 2

acquisition of a firearm under 18 U.S.C. § 922(a)(6). A § 922(g)(1) violation normally carries a statutory maximum ten-year term of imprisonment; likewise with a violation of § 922(a)(6). *See* 18 U.S.C. § 924(a)(2). At that time, Mr. Hines had two convictions for Second Degree Burglary in Washington, which were determined to be qualifying offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B).

In light of newly decided Supreme Court precedent that invalidated the so-called "residual clause" of the ACCA, however, these burglaries do not properly form the basis for the ACCA sentencing enhancement. *See Johnson v. United States*, __ U.S. __, 135 S. Ct. 2251 (2015). In *Johnson*, the Supreme Court overruled *Sykes v. United States*, __U.S. __, 131 S.Ct. 2267 (2011), and *James v. United States*, 550 U.S. 192 (2007), and held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Given *Johnson*, Mr. Hines' ACCA sentence can be upheld only if his Washington State burglary convictions were violent felonies under either the categorical or modified categorical approach. For the reasons discussed below, the Washington State

Petition to Vacate Sentence: 3

burglaries do not qualify as predicate felonies under ACCA under any approach.  Mr. Hines is therefore actually innocent of being an Armed Career Criminal and is entitled to immediate relief as he has been incarcerated beyond the ten-year statutory maximum applicable to his crime.

## II.   Discussion

### A. Washington's second-degree burglary statute is categorically broader than the generic definition of burglary.

To determine whether a past conviction is for a "violent felony" under the ACCA, "courts use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

Washington's second-degree burglary statute, the crime to which Mr. Hines pled in 1986 and 1989 and formed the basis of his ACCA sentence, was former RCW § 9A.52.030(1). That provision provided:

Petition to Vacate Sentence:  4

"[a] person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle." *State v. Deitchler*, 75 Wash. App. 134, 136, 876 P.2d 970, 971 (1994) (quoting former RCW § 9A.52.030(1)); *see also State v. Couch*, 44 Wash. App. 26, 29, 720 P.2d 1387, 1389 (1986) (requiring "the unlawful entry or remaining unlawfully in a building, and the intent to commit a crime within"). The statute defined "building" to include

> . . . any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building.

RCW § 9A.04.110; *Couch*, 44 Wash. App. at 29. Generic "burglary" is defined as under federal law as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Descamps*, at 2283.

For two independent reasons, the Washington burglary statute does not align with the federal definition. First, in 2003, the Ninth Circuit has held that second-degree burglary is not a categorical crime

Petition to Vacate Sentence: 5

of violence because "burglary" "must involve a 'building or structure' under *Taylor*," and "[s]ome things that are [buildings] under Washington law (e.g., fenced areas, railway cars, and cargo containers) are not buildings or structures under federal law." *United States v. Wenner*, 351 F.3d 969, 972–73 (9th Cir. 2003); *see also United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1196 n.3 (9th Cir. 2006).

Second, Washington second degree burglary does not require "an unlawful entry along the lines of breaking and entering," which is also an element of generic burglary. *See Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). Under Washington law, a person may be guilty of burglary even without an unlawful entry, such as if he enters lawfully under a limited license and then proceeds to exceed the scope of that license by "remaining unlawfully." *See, e.g.*, *State v. Collins*, 110 Wash. 2d 253, 256, 751 P.2d 837, 838 (1988); *see also, e.g., United States v. Wilkinson*, 589 F. App'x 348, 350 (9th Cir. 2014) (holding that Washington residential burglary statute is overbroad as to the "remains unlawfully" language) (unpublished).

### B. The modified categorical approach is not appropriate in this case because the Washington second-degree burglary statute is indivisible.

Petition to Vacate Sentence:  6

If defendant is convicted under an "'indivisible statute'—*i.e.*, one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense," then sentencing courts may not apply the modified categorical approach, and the analysis ends at the categorical approach outlined above. *Id.* at 2281–82.

In *Descamps*, the U.S. Supreme Court noted the definition of a divisible statute as one "that sets out one or more of the *elements* of the offense in the alternative." *Id.* at 2281 (emphasis added). If the statute sets forth elements in the alternative then "the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.*

In *Rendon v. Holder*, 764 F.3d 1077 (2014), the Ninth Circuit clarified the test to determine whether a statute was divisible. It noted that "while indivisible statutes may contain multiple, alternative *means* of committing the crime, only divisible statutes contain

Petition to Vacate Sentence:  7

multiple, alternative *elements* of functionally separate crimes." *Id.* at 1085 (emphases added). "Any statutory phrase that—explicitly or implicitly—refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used." *Id.* at 1085. Elements are "those circumstances on which the jury must unanimously agree," while "means" are "those circumstances on which the jury may disagree yet still convict." *Id.* at 1086. Thus, the touchstone of divisibility is juror unanimity.

The facts of *Rendon* highlight the importance of this distinction. There, the Ninth Circuit applied the divisibility test to California's second degree burglary statute, which prohibited entry "with intent to commit grand or petit larceny or any felony." *Id.* at 1089. The Government argued that the use of "or" indicated alternative elements. The court emphasized that the phrasing of the statute did not answer the relevant question: "[T]he fact that section 459 contains two types of offenses preceding an "or" and a general category of offenses following the 'or' is in itself of no significance." *Id.* at 1090.  If the jury is not required to find a particular phrase set forth in a statute unanimously

Petition to Vacate Sentence:  8

in order to convict, then it is merely a means and not an element. The statute is thus indivisible.

The recently-decided *United States v. Dixon*, No. 14-10318 (9th Cir., November 20, 2015) similarly explains that "[a] statute is not divisible merely because it is worded in the disjunctive." (Slip. Op. at 11) (attached as Exhibit A). The statute at issue in *Dixon*, California Penal Code § 211 (robbery), had two disjunctively worded phrases – "person *or* immediate presence*,*" and "force *or* fear."[2] The California model jury instructions explain that the elements of CPC § 211 include, in relevant part, that "(1) the defendant took property that was not his own . . . (3) the property was taken from the other person *or* his immediate presence. . . (5) the defendant used force or fear to take the property *or* to prevent the other person from resisting. . . [.]" *Dixon*, at 11 (emphasis added). *Dixon* held that, because the jury would not need

---

[2] California Penal Code § 211 provides that "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

Petition to Vacate Sentence:  9

to agree on the disjunctively worded alternatives in (3) and (5), the statute was therefore indivisible:

> . . . jurors must agree that element (3) is met—but the jury can return a guilty verdict even if some jurors believe the defendant took property from the victim's person and other jurors believe the defendant took the property from the victim's immediate presence. Similarly, for element (5), a jury can return a guilty verdict even if some jurors believe the defendant used force and others believe the defendant used fear.

*Id.* at 12.

Like the California second-degree burglary and robbery statutes, the Washington State second-degree burglary statute is indivisible because it contains alternative *means* of committing the crime and not alternative *elements*.

Washington case law is clear that "building" is a single element of second-degree burglary and does not encompass separate, alternative crimes. *See, e.g., State v. Ponce*, 269 P.3d 408 (Wash. App. 2012) ("[T]he first element of second degree burglary the State was required to prove [was] that the defendant entered or remained unlawfully in a building"); *State v. Soto*, 727 P.2d 999 (Wash. App. 1986) ("Second degree burglary requires the following elements: The actor must, with

Petition to Vacate Sentence:  10

the intent to commit a crime against a person or property therein, enter or remain unlawfully in a building").

Even though this statute contains disjunctive phrases, the Washington Pattern Instructions—Criminal (WPIC) 60.04—provides that one of the elements of second degree burglary is: "That on or about (date), the defendant entered or remained unlawfully in a building [other than a dwelling][.]"  The statute defining building lists different types of structures that satisfy that element of the offense, but as a matter of state law, jurors need not agree on definitional alternatives. *State v. Linehan*, 147 Wash.2d 638, 56 P.3d 542 (2002). Indeed, Washington courts have repeatedly rejected the contention that jurors must agree on alternatives contained within definitional statutes. *See, e.g. State v. Laico*, 987 P.2d 638 (Wash. App. 1999); *State v. Strohm*, 879 P.2d 962 (Wash. App. 1994); *State v. Garvin*, 621 P.2d 215 (Wash. App. 1980).

Similarly, the Washington state pattern instruction defining "building" does not instruct jurors that they must unanimously agree on the type of structure entered to convict a defendant of second degree burglary. WPIC 2.05.  In short, the definition of "building" provides

Petition to Vacate Sentence:  11

alternative means of committing that crime, but does not define functionally separate crimes. Therefore the statute is indivisible.

Because the factual inquiries appropriate under the modified categorical approach apply only to divisible statutes, it should not be applied here.  Washington second-degree burglary is indivisible and overbroad.  It is not a categorical match to the generic definition of burglary.  The Washington burglary statute can therefore never be used as an ACCA predicate.

This conclusion is in line with the as yet undisturbed holdings of *Wenner* and *Wilkinson*, and it is the conclusion that was reached by two other district courts in the Ninth Circuit upon reviewing similar ACCA habeas petitions in light of *Johnson*.  These district court decisions are discussed below.

### C. Mr. Hines is "actually innocent" of being an Armed Career Criminal.

Because the Washington second-degree burglary statute is overbroad, Mr. Hines' convictions under that statute cannot be used as ACCA predicates.  He has therefore established a sentencing innocence claim (i.e. that he is "actually innocent" of the ACCA enhanced

Petition to Vacate Sentence:   12

sentence) and is serving an illegal sentence under the ACCA in violation of the Due Process Clause.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013) (quoting 28 U.S.C. § 2244(d)(1)(A)). Additionally, claims not raised on direct appeal may be considered procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

This bar can be overcome, however. A petitioner may overcome the bar by showing that: (1) there was a cause for the default and (2) that a petitioner is suffering prejudice as a result. *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). In the alternative, the bar can be overcome by "a credible showing of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). "Actual innocence, if proved, serves as a gateway through which a petitioner may pass" notwithstanding the existence of a procedural bar. *Id.* at 1928.

Petition to Vacate Sentence:   13

Mr. Hines is "actually innocent" of being an armed career criminal because he received a sentence for which he was statutorily ineligible. He has already served longer than the statutory maximum of 10 years for his underlying conviction. This is a constitutional violation. In recent months and weeks, at least two district courts in the Ninth Circuit reviewing habeas corpus petitions in light of *Johnson* have reached this conclusion. *See, e.g.*, *Summers v. Feather*, No. 3:14-CV-00390-SU, 2015 WL 4663277 (D. Or. Aug. 5, 2015) (explaining that second degree burglary in Washington State does not qualify as a predicate felony under ACCA in light of *Johnson*; issuing a scheduling order for resentencing based on *Johnson* claim); *Charles Murray v. United States*, No. 3:15-cv-05720-RJB (E. D. Wa. Nov. 9, 2015) (attached as Exhibit A) (explaining that second degree burglary in Washington State does not qualify as a predicate felony under ACCA in light of *Johnson*; vacating sentence and ordering release of petitioner).

The *Summers* court found that "[a]n improper ACCA sentence enhancement satisfies the actual innocence requirement of escape hatch jurisdiction" in the § 2241 habeas context. *Summers v. Feather*, 2015 WL 4663277. Similarly, the *Murray* court explained that Mr.

Murray was "'actually innocent' of being an armed career criminal for the purposes of showing cause and in excusing his procedural default" and that he had "shown prejudice—he was sentenced in excess of the statutory maximum." *Murray*, slip op. at 9.

### III.  Conclusion

In conclusion, Mr. Hines is not an Armed Career Criminal and he is serving an illegal sentence. This Court should vacate Mr. Hines' conviction and sentence in light of *Johnson*.  This Court should further order that Mr. Hines be released from custody immediately and that a new Judgment be issued specifying a statutory sentence of ten years.

//

Dated:  November 20, 2015.

                By <u>s/ Alison K. Guernsey</u>
                   Alison K. Guernsey,
                   NY 4667366

                   <u>s/Meredith B. Esser</u>
                   Meredith B. Esser,
                   NY 822561
                   Federal Defenders of Eastern Washington and Idaho
                   306 East Chestnut Avenue
                   Yakima, Washington 98901
                   (509) 248-8920
                   Alison_Guernsey@fd.org
                   Meredith B. Esser@fd.org

## Certificate of Service

I hereby certify that on November 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Ian L. Garriques, Assistant United States Attorney.

s/ Alison K. Guernsey
Alison K. Guernsey

Petition to Vacate Sentence:  16