UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES LYNN MURRAY, JR.,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 15-CV-5720 RJB
96-CR-5367 RJB

ORDER ON MOTION UNDER 28
U.S.C. § 2255 TO VACATE, SET
ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL
CUSTODY

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255. Dkt. 1. The Court has considered the pleadings filed

in support of and in opposition to the motion, oral argument, and the remainder of the file herein.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person who has been "convicted of a

crime punishable by imprisonment for a term exceeding one year . . . to possess . . . any firearm."

Pursuant to the Armed Career Criminal Act (ACCA), in the case of a person who violates section

922(g), "and has three previous convictions . . . for a violent felony . . . such person shall be . . .

imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). Their term of supervised

EXHIBIT A, SLIP OPINIONS
US v. HINES,
CR-03-2023-SAB

release is also extended from three years to five years.  18 U.S.C. § 3583(b)(2).  The ACCA

defines the term "violent felony" as "any crime punishable by imprisonment for a term

exceeding one year . . . that . . . (ii) is burglary . . . *or otherwise involves conduct that presents a*

*serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(ii)(*emphasis*

*added*).  The last portion of the definition, in italics, is referred to as the residual clause, and was

held to be unconstitutional under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Petitioner now challenges his enhanced sentence under the ACCA arguing that under

*Johnson*, it was unconstitutional.  For the reasons set forth below, his petition should be granted.

## PROCEDURAL HISTORY

On May 10, 1996, Petitioner Charles Lynn Murray, Jr. was charged by complaint with

being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

09-cr-5367 RJB, Dkt. 1.  The complaint alleged that the offense involved a disturbance in which

two individuals were taken to the hospital with gunshot wounds, one of whom died.  *Id.*

Petitioner was arrested and had his initial appearance on May 13, 1996. 09-cr-5367 RJB, Dkt. 5.

An Indictment was returned on June 6, 1996, charging Petitioner as being a Felon in

Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). 09-cr-5367 RJB,

Dkt. 9.  The Indictment alleged that Petitioner had been "convicted of crimes punishable by

imprisonment for a term exceeding one year."  *Id.*  The Indictment listed his prior convictions

for:

> Robbery in the Second Degree in the Superior Court of the State of Washington
> for Pierce County, cause Number 90-1-01102-1, with the conviction occurring on
> May 2, 1990; Burglary in the Second Degree, in the Superior Court of the State of
> Washington for Thurston County, Cause Number 91-1-98-4, with the conviction
> occurring on April 24, 1991; Assault in the Second Degree, in the Superior Court
> of the State of Washington for Thurston County, Cause Number 91-1-807-1, with
> the conviction occurring on March 3, 1992; and Tampering with a Witness, in the

Superior Court of the State of Washington for Thurston County, Cause Number 94-1-307-4, with the conviction occurring on May 17, 1994.

*Id.*

On August 27, 1996, petitioner pled guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). 09-cr-5367 RJB, Dkt. 18. Neither party's sentencing memoranda discussed why Petitioner's prior convictions met the ACCA's definition of a violent felony. The issue was not addressed in the plea agreement, the presentence report or during the sentencing hearing. The undersigned did not consider whether any of Petitioner's prior convictions were actually "violent felonies" under the ACCA because parties were in agreement. During the November 26, 1996 sentencing hearing, the undersigned sentenced Petitioner to 210 months of imprisonment to be followed by five years of supervised release. 09-cr-5367 RJB, Dkt. 24, 25, and 26. Petitioner did not file an appeal.

Petitioner was released from prison on December 13, 2011, and in the fourth year of his supervised release, on April 5, 2015, he was charged by the State of North Carolina with Assault with a Deadly Weapon Inflicting Serious Injury. As a result, his <u>federal</u> supervised release was revoked, and on October 7, 2015, he was sentenced in federal court to eight months imprisonment for the supervised release violation. He is currently in federal custody serving that sentence.

## PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On October 7, 2015, Petitioner filed this petition, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. 15-cv-5720 RJB, Dkt. 1. Petitioner asserts that his prior conviction for burglary in the second degree, used as a predicate conviction that resulted in his enhanced sentence under the ACCA, is not a "violent felony," and so his five year term of supervised release is an illegal sentence. *Id.* Petitioner claims that his

sentence is unlawful because it was based on the unconstitutional residual clause of the ACCA as established in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  He argues that, to the extent the government argues that, if an error was made, it was harmless because the Court could rely on the ACCA's categorical or modified categorical approach for a burglary, he asserts: (1) his burglary conviction is not categorically a violent felony; (2) his burglary conviction is not susceptible to the modified categorical approach; (3) even if it were susceptible to the modified categorical approach, the relevant documents do not establish it as a generic burglary; and (4) his maximum sentence was not greater than one year.  15-cv-5720 RJB, Dkt. 6.

The government responds and argues that all Petitioner's claims are procedurally defaulted and most are time barred.  Dkt. 9.  It argues that Petitioner has not shown that the residual clause played any role at his sentencing, so he has no claim under Johnson.  *Id.*  Further, it maintains, Petitioner's burglary conviction was "almost certainly" found to be a violent felony because burglary is one of the enumerated violent felonies in the ACCA.  *Id.*  It asserts that because the statutory maximum for Petitioner's burglary conviction was 10 years' imprisonment, it was a felony under the ACCA.  *Id.*

### § 2255 STANDARD

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence.  28 U.S.C. § 2255.

### EVIDENTIARY HEARING

1   Petitioner does not request an evidentiary hearing and the record is sufficient to resolve

2   the issues here.  No evidentiary hearing will be conducted.

3   **PROCEDURAL BARS – TIME BAR AND FAILURE TO APPEAL**

4   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a state

5   prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from 'the

6   date on which the judgment became final by the conclusion of direct review or the expiration of

7   the time for seeking such review.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013)(*quoting*

8   28 U.S.C. § 2244(d)(1)(A)).  Additionally, claims not raised on direct appeal may be considered

9   procedurally defaulted.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

10   "The doctrine barring procedurally defaulted claims from being heard is not without

11   exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the

12   default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316

13   (2012).  A narrow exception to the cause requirement is also recognized "where a constitutional

14   violation has probably resulted in the conviction of one who is actually innocent of the

15   substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004).  "In other words, a credible

16   showing of actual innocence may allow a prisoner to pursue his constitutional claims on the

17   merits notwithstanding the existence of a procedural bar to relief."  *McQuiggin v. Perkins,* 133

18   S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded

19   in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result

20   in the incarceration of innocent persons." *Id.*  "Actual innocence, if proved, serves as a gateway

21   through which a petitioner may pass whether the impediment is a procedural bar [or] . . .

22   expiration of the statue of limitations. *Id.*, at 1928.  "Prisoners asserting innocence as a gateway

23   to defaulted claims must establish that, in light of new evidence, it is more likely than not that no

24

1    reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Larsen v. Soto*,

2    742 F.3d 1083, 1088 (9th Cir. 2013)(*internal quotations and citations omitted*).

3           Petitioner here argues that he is entitled to be excused from the procedural bars of failing

4    to appeal any of his claims and of failing to raise a majority of his claims within a year because

5    he was "actually innocent" of being an armed career criminal for which he received the sentence

6    enhancement. 15-cv-5720 RJB, Dkt. 6. Petitioner argues that he "received a sentence for which

7    he was statutorily ineligible" and that "his sentence resulted from a constitutional violation," and

8    so he is "actually innocent." 15-cv-5720 RJB, Dkt. 6. Petitioner points to *Summers v. Feather*,

9    2015 WL 4663277. In *Summers*, the petitioner filed a petition under 28 U.S.C. § 2241

10   challenging his sentence under the ACCA. The *Summers* court found that "[a]n improper ACCA

11   sentence enhancement satisfies the actual innocence requirement of escape hatch jurisdiction [for

12   a § 2241 petition] because the petitioner is actually innocent of being a career offender." *See*

13   *Summers v. Feather,* 2015 WL 4663277.

14          The government maintains that Petitioner must show that he is actually innocent of the

15   underlying predicate burglary to show "actual innocence" sufficient to excuse the procedural bar.

16   It cites no authority to support this position. Further, Petitioner challenges his sentence

17   enhancement as an armed career criminal, not the underlying burglary offense. Although raised

18   in the context of a § 2241 and not a § 2255, the decision in *Summers* is persuasive.

19          Accordingly, to decide if Petitioner received a sentence for which he was statutorily

20   ineligible, and so was actually innocent of being an armed career offender, the ACCA should be

21   examined.

22          To determine whether a past conviction is for a "violent felony" under the ACCA,

23   "courts use what has become known as the 'categorical approach': They compare the elements of

24

1  the statute forming the basis of the defendant's conviction with the elements of the 'generic'

2  crime—i.e., the offense as commonly understood." *Descamps v. United States*, 133 S.Ct. 2276,

3  2281 (2013). "The prior conviction qualifies as an ACCA predicate only if the statute's elements

4  are the same as, or narrower than, those of the generic offense." *Id.*

5          Washington's second degree burglary statute, the crime to which Petitioner pled in 1991,

6  was former RCW 9A.52.030(1), which provided: "[a] person is guilty of burglary in the second

7  degree if, with intent to commit a crime against a person or property therein, he enters or remains

8  unlawfully in a building other than a vehicle." *State v. Deitchler*, 75 Wash. App. 134, 136, 876

9  P.2d 970, 971 (1994)(*quoting* former RCW 9A.52.030(1)). The title further provided:

10          "Building," in addition to its ordinary meaning, includes any dwelling, fenced
   area, vehicle, railway car, cargo container, or any other structure used for lodging

11  of persons or for carrying on business therein, or for the use, sale, or deposit of
   goods; each unit of a building consisting of two or more units separately secured

12  or occupied is a separate building.

13  RCW § 9A.04.110. Generic "burglary" is defined as under federal law as "unlawful or

14  unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

15  *Descamps*, at 2283. In 2003, the Ninth Circuit held that burglary under Washington law is

16  broader than burglary under federal law, particularly where Washington considers "fenced areas"

17  as a "building." *U.S. v. Wenner*, 351 F.3d 969 (9th Cir. 2003). Washington's burglary statute,

18  then, is not "categorically" a burglary. *Id.* The government argues that the holding in *Wenner* is

19  called into question by *Descamps* and a Ninth Circuit case interpreting *Descamps*, *Rendon v.*

20  *Holder*, 764 F.3d 1077(2014).

21          *Descamps* noted that where a prior conviction is for violating a divisible statute, one "that

22  sets out one or more of the elements in the alternative," for example, a burglary statute involving

23  "entry into a building or an automobile," the "modified categorical approach" is used.

24

ORDER - 7

1   *Descamps*, at 2281. Under the modified categorical approach, sentencing courts are permitted

2   "to consult a limited class of documents, such as indictments and jury instructions, to determine

3   which alternative formed the basis of the defendant's prior conviction." *Id.* "The court can then

4   do what the categorical approach demands: compare the elements of the crime of conviction

5   (including the alternative element used in the case) with the elements of the generic crime." *Id.*

6   The *Descamps* Court held that where a defendant is convicted under an "indivisible statute" "one

7   not containing alternative elements—that criminalizes a broader swath of conduct than the

8   relevant generic offense," sentencing courts may not apply the modified categorical approach.

9   *Id.,* at 2281-82. In *Rendon v. Holder*, 764 F.3d 1077 (2014) the Ninth Circuit attempted to

10  clarify the test to determine whether a statute was divisible or indivisible. It noted that "while

11  indivisible statutes may contain multiple, alternative *means* of committing the crime, only

12  divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Id.*, at

13  1085. The *Rendon* court held that elements are those circumstances upon which the jury must

14  unanimously agree and means are those circumstances on which the jury may disagree and yet

15  still convict. *Id.*

16       Both *Descamps* and *Rendon* address whether the modified categorical approach may be

17  used. The government has not shown that the holding in *Wenner,* that the Washington burglary

18  statute is not categorically a burglary under federal law, has been overruled. At this point, it is

19  still binding Ninth Circuit authority, and this Court must follow it. Petitioner asserts that the

20  modified categorical approach does not apply because the Washington statute is indivisible. The

21  government has not contested this issue. Where a statute is indivisible, the use of the modified

22  categorical approach is unavailable. *Descamps,* at 2281-82. Even so, there is no showing that

23  the modified categorical approach would be helpful to the government here.

24

1    Petitioner should be found to be "actually innocent" of being an armed career criminal for

2    the purposes of showing cause and in excusing his procedural default.  Petitioner further has

3    shown prejudice – he was sentenced in excess of the statutory maximum.

### **DISCUSSION**

5    Under *Johnson*, Petitioner's sentence cannot be based on the residual clause of the

6    ACCA.  For the reasons stated above, Petitioner's enhanced sentence could not be based on the

7    Washington's second degree burglary statute because it is not categorically a burglary pursuant

8    to *Wenner* and because the modified categorical approach does not apply.  Petitioner's petition

9    should be granted because Petitioner has shown that his "sentence was in excess of the maximum

10   authorized by law."  28 U.S.C. § 2255.

11   The undersigned notes that this area of law is a hopeless tangle.  In light of that,

12   adherence should be made "to the time-honored interpretive guideline that uncertainty

13   concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v.*

14   *Kozminski*, 487 U.S. 931, 952 (1988).  Petitioner's petition should be granted and his sentencing

15   status as an armed career criminal should be vacated.  He should be released from custody and

16   should not serve the remainder of the sentenced imposed for his supervised release violation.

17   The parties should be ordered to file a proposed amended judgment, removing the designation as

18   an armed career criminal, and specifying a sentence of ten years, with a supervised release period

19   of three years.

### **ORDER**

21   Therefore, it is hereby **ORDERED** that:

22   • Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person

23       in federal custody (Dkt. 1) is **GRANTED;**

24

ORDER - 9

1        o  Petitioner's sentencing status as an armed career criminal is **VACATED**;

2        o  Petitioner **SHALL BE RELEASED** forthwith from custody and shall not serve

3        the remainder of the sentenced imposed for his supervised release violation; and

4    •  The parties **SHALL FILE** a proposed amended judgment, removing the designation as

5    an armed career criminal, and specifying a sentence of ten years, with a supervised

6    release period of three years.

7    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

8 to any party appearing pro se at said party's last known address.

9    Dated this 19th day of November, 2015.

10

11

12    ROBERT J. BRYAN
       United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, <br><br> v. <br><br> JAMES EDWARD DIXON, *Defendant–Appellant*. | No. 14-10318 <br><br> D.C. No. 2:12-cr-00222-GMN-VCF-1 <br><br> OPINION |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted
September 18, 2015—San Francisco, California

Filed November 20, 2015

Before: William A. Fletcher, Marsha S. Berzon, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the district court found that the defendant had three prior convictions for "violent felonies," as defined by the Armed Career Criminal Act.

The panel held that Calif. Penal Code § 211 (robbery) is not a categorical match to the ACCA's definition of "violent felony" because § 211 criminalizes conduct not included within the ACCA's definition.  The panel also held that § 211 contains only alternative means and is not divisible.  The panel therefore concluded that a conviction for violating § 211 cannot serve as a predicate "violent felony" conviction for the application of a mandatory minimum sentence under the ACCA.

### COUNSEL

Angela H. Dows, Premier Legal Group, Las Vegas, Nevada, for Defendant-Appellant.

William Ramsey Reed (argued) and Elizabeth Olson White, Assistant United States Attorneys, Reno, Nevada, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## OPINION

BEA, Circuit Judge:

James Dixon pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Upon conviction, and at sentencing, the district court found that Dixon had three prior convictions for "violent felonies," as defined by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B): two robbery convictions under California Penal Code ("CPC") § 211 and one assault-with-a-deadly-weapon conviction under Nevada Revised Statutes ("NRS") § 200.471. As a result, the district court sentenced Dixon to 15 years of imprisonment, the mandatory minimum sentence under the ACCA when a defendant has three prior "violent felony" convictions. *See* 18 U.S.C. § 924(e)(1). Dixon appeals the district court's imposition of the mandatory minimum sentence, contending that his prior convictions are not "violent felony" convictions as defined by the ACCA. We hold that a violation of CPC § 211 does not meet the ACCA's definition of "violent felony." As Dixon therefore does not have three predicate "violent felony" convictions, we vacate his mandatory minimum sentence and remand this case to the district court for resentencing.

**I**

The relevant facts are not in dispute. In 2012, a Nevada Highway Patrol officer pulled Dixon over because the windows of his vehicle were excessively tinted. When the officer approached the vehicle, he smelled marijuana and saw a small amount of marijuana in an open pocket of a backpack inside the vehicle. A second officer arrived at the scene and searched the vehicle, finding a .38 caliber revolver among

Dixon's work tools. Dixon admitted he knew the gun was there, but claimed he was holding it for a co-worker and had forgotten about it.

Dixon, who had nine prior felony convictions, pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court found that three of Dixon's prior convictions qualified as "violent felony" convictions, as defined by the ACCA: 1983 and 1987 convictions for robbery under CPC § 211 and a 2002 conviction for assault with a deadly weapon under NRS § 200.471. As a result, the district court imposed a 15-year prison sentence, the mandatory minimum sentence under the ACCA when a defendant has three prior "violent felony" convictions. *See* 18 U.S.C. § 924(e)(1). Dixon appeals only his sentence, claiming, as he did in the district court, that he does not have three "violent felony" convictions, as defined by the ACCA, and thus does not qualify for the mandatory minimum sentence.

**II**

The ACCA prescribes a mandatory minimum sentence of 15 years of imprisonment when a defendant has three prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). The district court imposed the mandatory minimum sentence after finding that Dixon had three prior convictions for "violent felonies," as defined by the ACCA.[1] For purposes of the ACCA, a "violent felony" is:

---

[1] The ACCA's definition of "serious drug offense" is not at issue in this case.

[A]ny crime punishable by imprisonment for
a term exceeding one year . . . that—

> (i) has as an element the use, attempted
> use, or threatened use of physical
> force against the person of another; or

> (ii) is burglary, arson, or extortion, [or]
> involves use of explosives . . . .**[2]**

18 U.S.C. § 924(e)(2)(B). To determine whether a state
statute of conviction meets the ACCA's definition of "violent
felony," a court must apply the categorical approach
announced by the Supreme Court in *Taylor v. United States*,
495 U.S. 575 (1990). *See, e.g.*, *United States v. Grisel*,
488 `F.3d 844, 847 (9th Cir. 2007) (en banc). We review de
novo whether a state statute of conviction is a categorical
match to the definition of "violent felony." *See id.* at 846.

*A.* Taylor's *Categorical Approach*

Under *Taylor*'s categorical approach, a court determines
whether a prior conviction under a state statute qualifies as a
"violent felony" conviction under the ACCA by looking
"only to the fact of conviction and the statutory definition of
the prior offense," not to the facts underlying the conviction.
*Id.* at 847 (quoting *Taylor*, 495 U.S. at 602). A violation of a

---

**[2]** The ACCA's definition of "violent felony" also contains a catchall
"residual clause" for crimes that "involve[] conduct that presents a serious
potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).
This clause was recently declared unconstitutionally vague by the
Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).
We therefore do not consider it as part of the ACCA's definition of
"violent felony."

6 UNITED STATES V. DIXON

state statute is categorically a "violent felony" under the
ACCA "only if the [state] statute's elements are the same as,
or narrower than," those included in the ACCA's definition
of "violent felony." *Descamps v. United States*, 133 S. Ct.
2276, 2281 (2013). In identifying the elements of a state
statute, a court considers the language of the statute and
judicial opinions interpreting it. *Rodriguez–Castellon v.
Holder*, 733 F.3d 847, 853 (9th Cir. 2013); *United States v.
Bonat*, 106 F.3d 1472, 1475–76 (9th Cir. 1997). To evaluate
whether a state statute matches one of the offenses
enumerated in 18 U.S.C. § 924(e)(2)(B)(ii)—burglary, arson,
or extortion—a court compares the elements of the state
statute with the elements of the "generic" crime, or the
offense as commonly understood. *See Rodriguez–Castellon*,
733 F.3d at 853; *see also Descamps*, 133 S. Ct. at 2281.

If a state statute defines as criminal more conduct than is
included in the ACCA's definition of "violent felony," then
a court must determine whether the state statute can be
divided into violations that constitute "violent felonies" under
the ACCA and others that do not. *See Descamps*, 133 S. Ct.
at 2283–84; *see also Rendon v. Holder*, 764 F.3d 1077,
1084–86 (9th Cir. 2014). To be divisible, a state statute must
contain "multiple, alternative elements of functionally
separate crimes." *Rendon*, 764 F.3d at 1085 (emphasis
omitted). If a state statute is divisible, a court may then take
into consideration certain documents, such as charging
documents or a plea agreement, to determine whether the
defendant was convicted of violating a prong of the statute
that meets the ACCA's definition of "violent felony." *Id.* at
1083–84. If, however, a state statute defines as criminal more
conduct than is included in the ACCA's definition of "violent
felony" and is not divisible, then a conviction under that
statute cannot serve as a predicate "violent felony" conviction

under the ACCA for application of a mandatory minimum sentence. *See Descamps*, 133 S. Ct. at 2283–86.

*B.  Application of the Categorical Approach to CPC § 211*

We turn first to whether CPC § 211 is a categorical match to the ACCA's definition of "violent felony." We conclude that CPC § 211 is not a categorical match because it criminalizes conduct not included within the ACCA's definition of "violent felony."

CPC § 211 prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." We previously determined that CPC § 211 is categorically a "crime of violence" under U.S.S.G. § 2L1.2 because, in all its applications, CPC § 211 always constitutes either generic robbery or generic extortion, both of which are included in U.S.S.G. § 2L1.2's definition of "crime of violence." *See United States v. Flores–Mejia*, 687 F.3d 1213, 1215–16 (9th Cir. 2012); *United States v. Becerril–Lopez*, 541 F.3d 881, 892–93 (9th Cir. 2008). Unlike U.S.S.G. § 2L1.2, however, the ACCA's definition of "violent felony" includes only generic extortion; it omits generic robbery. *See* 18 U.S.C. § 924(e)(2)(B)(ii). Thus, although they are useful precedents, *Flores–Mejia* and *Becerril–Lopez* do not control the outcome of this case.

Generic extortion, which is an enumerated offense included in the ACCA's definition of "violent felony," is

defined broadly enough[3] to encompass many violations of CPC § 211, but not all. *See Becerril–Lopez*, 541 F.3d at 891–92. In *Becerril–Lopez*, we cited *People v. Torres*, 39 Cal. Rptr. 2d 103 (Ct. App. 1995), as an example of a case in which the defendant violated CPC § 211 without committing extortion. *Becerril–Lopez*, 541 F.3d at 892. In *Torres*, the defendant demanded money from the victims, struck one victim with a gun, and shot another; the use of force negated any possible finding that the defendant intended to take the victims' property with their consent. *See id.* (discussing *Torres*, 39 Cal. Rptr. 2d at 111–12). Such a violation of CPC § 211 would not constitute extortion, which requires the taking of property to be consensual, but would constitute generic robbery, which has no consent requirement.[4] *Id.*

Because the ACCA's definition of "violent felony" lacks "robbery" by name, any violation of CPC § 211 that does not constitute extortion must have "as an element the use, attempted use, or threatened use of physical force against the person." 18 U.S.C. § 924(e)(2)(B)(i).[5] This element test

---

[3] Generic extortion is defined as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Becerril–Lopez*, 541 F.3d at 891 (quoting *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003)).

[4] In *Becerril–Lopez*, we adopted the Fifth Circuit's definition of generic robbery: "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." 541 F.3d at 891 (emphasis omitted) (quoting *United States v. Santiesteban–Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006)).

[5] A state statute may also categorically match the ACCA's definition of "violent felony" if it "is burglary, arson, or . . . involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). We set these provisions aside,

contains two additional requirements. First, the "physical force" used must be "*violent* force," or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Second, the use of force must be intentional, not just reckless or negligent. *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010); *see also Leocal v. Ashcroft*, 543 U.S. 1, 12–13 (2004). Although some violations of CPC § 211 not constituting extortion—such as the conduct described in *Torres*—would meet the element test, other violations of CPC § 211 would not.

In *People v. Anderson*, the California Supreme Court clarified that one may violate CPC § 211 by *accidentally* using force. 252 P.3d 968, 972 (Cal. 2011). The facts of *Anderson* illustrate why CPC § 211 is not a categorical match to the ACCA's definition of "violent felony." Anderson broke into an unoccupied car that was parked in a parking garage, intending to steal it. *Id.* at 970–71. He drove the car out of its parking spot and attempted to leave the garage, but could not because the gate was closed and he did not have a way to open it. *Id.* After the gate opened, Anderson sped out of the garage in the stolen car, running over the car's owner in the process. *Id.* Although Anderson claimed this was an accident, the California Supreme Court upheld his CPC § 211 conviction, ruling that the statute does not require finding the defendant acted with the intent to use force against another, as long as the defendant did use force against another person with the intent to steal. *Id.* at 971–72.

---

as they do not, in the ordinary case, apply to the conduct proscribed by CPC § 211.

*Anderson* thus delineates one narrow class of CPC § 211 violations that do not satisfy the ACCA's definition of "violent felony": those in which (1) the taking is not consensual (thereby failing the definition of generic extortion); and (2) the defendant uses force against a person, but only accidentally or negligently, rather than intentionally (thereby failing the element test of 18 U.S.C. § 924(e)(2)(B)(i) as interpreted by *Lawrence* and *Leocal*). We acknowledge that the facts underlying the vast majority of convictions under CPC § 211 likely meet the definition of generic extortion, the element test, or both. However, *Taylor*'s categorical approach is an "elements-based inquiry," not an "evidence-based one." *Descamps*, 133 S. Ct. at 2287. Because *Anderson* shows that one can realistically violate CPC § 211 in a manner that is not covered by the ACCA's definition of "violent felony," a violation of CPC § 211 is not categorically a "violent felony" under the ACCA. *See Grisel*, 488 F.3d at 850 (noting that a state statute is not a categorical match to its federal counterpart only if there is a "realistic probability" that the statute would apply to conduct not included in the federal definition) (citing *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007)).

*C. Divisibility of CPC § 211*

Having found that CPC § 211 criminalizes conduct not included in the ACCA's definition of "violent felony," we turn next to whether CPC § 211 is divisible into violations that meet the ACCA's definition of "violent felony" and others that do not. We have little trouble finding that CPC § 211 is not divisible.

To be divisible, a state statute must contain "multiple, alternative elements of functionally separate crimes."

*Rendon*, 764 F.3d at 1085 (emphasis omitted). A statute is not divisible merely because it is worded in the disjunctive. *Id.* at 1086. Rather, a court must determine whether a disjunctively worded phrase supplies "alternative elements," which are essential to a jury's finding of guilt, or "alternative means," which are not. *Id.* at 1085–86. That is, if a statute contains alternative elements, a prosecutor "must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt." *Id.* at 1085 (quoting *Descamps*, 133 S. Ct. at 2290). But if a statute contains only alternative means, a jury need not agree as to *how* the statute was violated, only that it was. *Id.*

CPC § 211 has two disjunctively worded phrases—"person *or* immediate presence," "force *or* fear"—and CPC § 212, which defines "fear" as it is used in CPC § 211, contains several more. The California model jury instructions explain that the elements of CPC § 211 are: (1) the defendant took property that was not his own, (2) the property was in the possession of another person, (3) the property was taken from the other person or his immediate presence, (4) the property was taken against the other person's will, (5) the defendant used force or fear to take the property or to prevent the other person from resisting, (6) when the defendant used force or fear, he intended to deprive the owner of the property permanently, and (7) the defendant's intent to take the property was formed before or during the time he used force or fear. *See* Criminal Jury Instructions § 1600 (Jud. Conf. of Cal. 2015).

The disjunctively worded phrases in the statute and jury instructions are alternative means, not alternative elements. To return a guilty verdict on a CPC § 211 charge, a jury must

find that the elements are satisfied, but jurors need not agree on the disjunctively worded alternatives. For example, jurors must agree that element (3) is met—but the jury can return a guilty verdict even if some jurors believe the defendant took property from the victim's person and other jurors believe the defendant took the property from the victim's immediate presence. Similarly, for element (5), a jury can return a guilty verdict even if some jurors believe the defendant used force and others believe the defendant used fear. Jurors are also not required to agree on the defendant's state of mind as to the use of force, as long as they find that the defendant had the intent to steal at the time he used force. *Id.*; *see Anderson*, 252 P.3d at 971–72. As a result, CPC § 211 contains only alternative means and is not divisible. *See Rendon*, 764 F.3d at 1084–88.

## D.  *The Mandatory Minimum Sentence*

Because CPC § 211 criminalizes conduct not included in the ACCA's definition of "violent felony" and is not divisible, a conviction for violating CPC § 211 cannot serve as a predicate "violent felony" conviction for the application of a mandatory minimum sentence under the ACCA. *See Descamps*, 133 S. Ct. at 2283. Ignoring Dixon's 1983 and 1987 convictions for violating CPC § 211, Dixon does not have three prior "violent felony" convictions, as defined by the ACCA, and the ACCA's mandatory minimum sentence therefore does not apply. *See* 18 U.S.C. § 924(e)(1) (requiring *three* prior convictions for "violent felonies" or "serious drug offenses"). As a result, we vacate the district court's imposition of the mandatory minimum sentence and remand this case to the district court for resentencing. *See, e.g.*, *Grisel*, 488 F.3d at 852.

*E. Dixon's Remaining Arguments*

Having found that Dixon does not have three predicate "violent felony" convictions under the ACCA, we do not reach the question whether Dixon's 2002 conviction for violating NRS § 200.471 qualifies as a "violent felony" conviction. Likewise, we do not address Dixon's remaining arguments.

## III

Because a violation of CPC § 211 is not a "violent felony" under the ACCA, the district court incorrectly determined that it was required to apply the mandatory minimum sentence. As a result, we vacate Dixon's sentence and remand this case to the district court for resentencing.

**VACATED AND REMANDED.**