MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
IAN L. GARRIQUES
Assistant U.S. Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 2:03-CR-2023-SAB |
| Respondent, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | § 2255 PETITION |
| v. | ) | |
| PAUL HINES, | ) | |
| Petitioner. | ) | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Ian L. Garriques, Assistant United States Attorney, submits the following response in opposition to Petitioner Paul Hines' Section 2255 Petition to Vacate Sentence and for Immediate Release.  (ECF No. 138).

## I.  PROCEDURAL HISTORY

On March 11, 2003, a superseding indictment was returned charging Petitioner, Paul E. Hines, in Count 1 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e), and in Count 2, for making a false statement in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).  ECF No. 12.  On February 5, 2004, Defendant pleaded guilty to both counts without the benefit of a plea agreement. ECF No. 61.  On May 20, 2004, the Court sentenced Defendant to a mandatory minimum of 180 months imprisonment on Count 1 pursuant to the Armed Career Criminal Act

Government's Response to § 2255 Petition   -   1

(ACCA) (18 U.S.C. § 924(e)), and to a concurrent term of 120 months imprisonment on Count 2. ECF No. 74. At sentencing, Defendant had conceded that the mandatory minimum of 180 months applied. ECF No. 70 at p. 8; *see also United States v. Hines*, 149 Fed. Appx. 681, 682 (9th Cir. 2005) (unpublished).

On Petitioner's direct appeal, the Ninth Circuit affirmed his sentence and stated that, "We need not decide whether the district court erred in treating Hines's six burglary convictions as a sufficient predicate for application of the Armed Career Criminal Act because Hines invited any error." *Hines*, 149 Fed. Appx. at 681-82. The Ninth Circuit further stated that:

> Hines was fully aware of the effect of the Washington burglary convictions, and there is nothing in the record to indicate lack of awareness of anything material, such as the possibility that the convictions would not have satisfied the requirements for the Armed Career Criminal enhancement had the government submitted all of the papers cognizable under the categorical approach. Thus any error was invited error under the standard we set out in *United States v. Perez.*

*Id.* The Ninth Circuit found no error in the district court's treating of Petitioner's numerous second degree burglary convictions as violent offenses under ACCA. *Id.*

On July 28, 2009, and October 19, 2009, the Ninth Circuit affirmed this Court's subsequent denial of various motions by Petitioner challenging his sentence. C.R. 107, 108. On September 3, 2015, the Court denied a separate motion by Defendant pursuant to 28 U.S.C. § 2255 after defense counsel conceded that *Descamps v. United States*, 133 S. Ct. 2276 (2013), was not retroactive. ECF No. 129.

On October 30, 2015, Petitioner filed an emergency motion with the Ninth Circuit seeking permission to file a successive habeas petition pursuant to 28 U.S.C. § 2255(h)(2) based on the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was previously unavailable.

On November 10, 2015, the government filed a response with the Ninth Circuit stating that the court should permit Petitioner to file a successive petition.

On November 20, 2015, the Ninth Circuit filed an order authorizing Petitioner to file a successive § 2255 petition. Petitioner filed the instant petition before this Court on the same day.

## II. ARGUMENT

The Armed Career Criminal Act ("ACCA") mandates a minimum sentence of 15 years imprisonment and permits a maximum sentence of life imprisonment for a felon who possesses a firearm in violation of 18 U.S.C. § 922(g)(1) and who has at least three qualifying predicate convictions of either a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). If the ACCA does not apply, the maximum sentence that may be imposed for a violation of Section 922(g)(1) is 10 years imprisonment. *See* 18 U.S.C. § 924(a)(2). Thus, if a court erroneously concludes that the ACCA applies, then the result would be the imposition of a sentence that is at least 5 years longer than the authorized maximum for the crime. Sentences that exceed the otherwise-applicable statutory maximum for a crime are fundamentally defective.

Pursuant to ACCA's "enumerated offenses" clause, the term "violent felony" includes, among other things, "any crime punishable by imprisonment for a term exceeding one year that [ . . . ] (ii) is burglary, arson, or extortion, involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). Here, Petitioner has six (6) second degree burglary convictions and one (1) attempted second degree burglary conviction. As set forth below, all of defendant's preceding convictions qualify as an ACCA "violent felony" based on the enumerated offense of burglary. Therefore, Petitioner's actual innocence argument set forth in his petition must fail.

**A. Defendant's Second Degree Burglary Convictions and RCW § 9A.52.030**

Petitioner's Washington State convictions for second degree burglary (RCW § 9A.52.030) are as follows:

1.  <u>1989 Convictions in Grays Harbor County Superior Court</u>

On May 1, 1989, Petitioner was found guilty of five (5) counts of second degree burglary and one (1) count of attempted second degree burglary in the Grays Harbor County Superior Court of Washington.  The Information, Statement of Defendant on Submission of Case for Trial on the Record, Judgment and Sentence, and Amended Judgment and Sentence are attached hereto as Exhibit 1.

2.  <u>1998 Conviction in Spokane County Superior Court</u>

On July 14, 1998, Petitioner was found guilty of one (1) count of second degree burglary in the Spokane County Superior Court of Washington.  The Information, Amended Information, Statement of Defendant on Plea of Guilty, Judgment and Sentence, and Amended Judgment and Sentence are attached hereto as Exhibit 2.

3.  <u>The Washington Statute at the Time of Conviction</u>

At the time of Petitioner's second degree burglary convictions in Grays Harbor County in 1989, RCW § 9A.52.030 provided as follows:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a building other than a vehicle.

RCW § 9A.52.030 (1989); s*ee State of Washington v. Lira*, 726 P.2d 1015, 1016 (Wash. Ct. App. 1986).  At the time of his second degree burglary conviction in Spokane County in 1998, RCW § 9A.52.030 was revised slightly to state as follows:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling.

RCW § 9A.52.030 (1998).  In both 1989 and 1998, the term "building" was further defined by Washington statute as follows:

> Building, in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units

Government's Response to § 2255 Petition   -   4

separately secured or occupied is a separate building.

RCW § 9A.04.110(5).

**B. Washington State Convictions for Second Degree Burglary Qualify as the ACCA Predicates of "Burglary" Under the Modified Categorical Approach.**

Generic federal burglary is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Washington State's burglary statutes, however, define buildings to also include "fenced area[s], vehicle[s], railway car[s], [and] cargo container[s]," not just buildings per se. Wash. Rev. Code Ann. § 9A.04.110(5). Because of the breadth of the physical areas covered by the statute, second degree burglary in Washington is not categorically a generic "burglary." *See United States v. Wenner,* 351 F.3d 969, 973 (9th Cir. 2003).

1. <u>Washington Burglary Always Contains an Element of Unlawful Entry</u>

In *Descamps v. United States*, 133 S. Ct. 2276 (2013), the California statute at issue had no requirement of an unlawful entry into (or unlawful remaining in) a premises. Under that statute, a person can be convicted of burglary even if he lawfully entered a building and was always permitted to be inside, provided he had the requisite criminal intent. Thus, a simple shoplifting case could be prosecuted as burglary. *Descamps*, 133 S. Ct. at 2282.

By contrast, Washington law provides that "[a] person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a building other than a vehicle." Wash. Rev. Code § 9A.52.030. "Enters or remains unlawfully" is further defined: "[a] person 'enters or remains unlawfully' in or upon premises when he or she is not then licensed, invited, or otherwise privileged to so enter or remain." Wash. Rev. Code § 9A.52.010(5) (1989). That precisely describes Washington's burglary statute, as "[t]here are two alternatives

means to commit burglary: unlawfully entering a building with intent to commit a crime, or unlawfully remaining in a building with intent to commit a crime." *State v. Gonzales*, 148 P.3d 1046, 1049 (Wash. App. 2006).

Unlike the statute in *Descamps*, Washington law does not allow a person lawfully on the premises to be convicted of burglary; a person must either enter unlawfully, or he must remain unlawfully after his license to enter has been revoked. *See id.; see also State v. Collins,* 751 P.2d 837, 841 (Wash. 1988) (Washington permits a conviction for burglary following a lawful entry only if the defendant remains unlawfully after his license to enter is revoked). The element of the Washington statute is not materially different from the corresponding element of generic burglary: "an unlawful or unprivileged entry into, or remaining in, a building or other structure." *Taylor*, 495 U.S. at 598. Thus, the over breadth problem presented in *Descamps* is not implicated.

2. As it Pertains to "Building," the Washington Burglary Statute is Divisible, and Petitioner's Burglary Conviction is a Violent Felony Under the Modified Categorical Approach.

Under *Descamps*, the modified categorical approach may be used where a statute "lists multiple, alternative elements," one of which corresponds to the generic crime. 133 S. Ct. at 2285. In *Descamps*, the Supreme Court made clear that an overbroad definition of building -- one that includes structures beyond the generic definition -- is the paradigm example of a divisible burglary statute. *Descamps*, 133 S. Ct. at 2284-85. Indeed, *Shepard*, the seminal modified categorical decision, concerned an overbroad definition of building that included the generic definition, along with other non-permanent structures. *See Shepard*, 544 U.S. at 25-26. Such is the case with Washington's definition which provides: "Building, in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods." Wash. Rev. Code § 9A.04.110(5). "Because the statue provide[s] a finite list of

Government's Response to § 2255 Petition   -   6

1    definitions," one of which includes the generic definition of a building, the statute is

2    divisible, and one can "determine which statutory phrase was the basis for the

3    conviction" using the modified categorical approach. *Descamps*, 133 S. Ct. at 2285.

4         Petitioner fails to note that in another case the Ninth Circuit held that Washington

5    State second degree burglary constitutes an ACCA "violent felony" under the modified

6    categorical approach even after *Descamps*. In a post-*Descamps* unpublished decision, the

7    Ninth Circuit concluded in *United States v. Brooks* that a defendant's conviction for

8    second-degree burglary under Washington Revised Code § 9A.52.030(1) qualified as a

9    predicate offense for purposes of the ACCA. *United States v. Brooks*, 532 F. App'x 670,

10   671 (9th Cir. June 25, 2013) (unpublished).

11        The *Brooks* court noted a conviction under § 9A.52.030(1) "is not categorically an

12   ACCA predicate offense because the definition of 'building' under Washington law

13   contains alternatives that are not included in the generic definition of burglary under

14   federal law." *Id.* (citing *United States v. Wenner*, 351 F.3d 969, 972–73 (9th Cir. 2003)).

15   However, the court found the district court did not err when it looked to the defendant's

16   "*Shepard* documents, his amended information and plea agreement" and found they

17   "indicate[d] ... [the defendant] pleaded guilty to 'enter[ing] or remain[ing] unlawfully in a

18   building located at 115 Orchard Ave. So., Eatonville, known as the residence of G[ ] K [

19   ]." *Id.* The district court concluded the documents it examined "describe[d] the burglary

20   of a 'building' as the term is defined generically"; the defendant's "conviction necessarily

21   rested on the building's description because the State was required to prove that [the

22   defendant] entered or remained in something that matched at least one definition of

23   'building' in the statute"; and "[b]ecause the statute provided a finite list of definitions,

24   the district court could determine which statutory phrase was the basis for the

25   conviction." *Id.* (quotations omitted). Accordingly, the Ninth Circuit concluded the

26   district court did not err when it concluded the defendant "was an armed career criminal

27

28   Government's Response to § 2255 Petition   -   7

and enhanc[ed] his sentence under the ACCA." *Id.*

Petitioner also asks this Court to place great weight on the district court decisions in *Summers v. Feather*, 2015 WL 4663277 (D. Or. Aug. 5, 2015), and *Murray v. United States*, 2015 WL 7313882 (W.D. Wash. Nov. 9, 2015). Those district courts essentially found the Washington State second degree burglary statute to be a non-divisible statute and therefore not subject to the modified categorical approach. Nevertheless, petitioner fails to note that in 2015, the district court for the District of Arizona, found the exact opposite and denied a similar ACCA habeas petition. *See Davidson v. McClintock*, 13-CV-004-TUC-FRZ (DTF), 2015 WL 1469775 (D. Ariz. March 31, 2015). In *Davidson*, the district court held that:

> Here, the Washington second degree burglary statute is a divisible statute, in that the definition of building provides alternatives, i.e., the unlawful entry can be into a dwelling, vehicle, or other structures if used for specified purposes. *Descamps* did not alter the analysis for Petitioner's case and the Court, above, applied the modified categorical approach as approved in *Descamps* for divisible statutes.

*Davidson*, 2015 WL 1469775 at 4.[1]

In another post-*Descamps* district court decision, the District Court for the District of Oregon held that Washington State second degree burglary constituted the ACCA predicate of "burglary" under the modified categorical approach. *See United States v. Korzybski*, 3:13-CV-01409-BR, 2013 WL 6592145 at *6 (D. Or. December 16, 2013)

---

[1] To the extent that Petitioner might contend that *Davidson* is inapplicable because it predates the Supreme Court's striking of the ACCA residual clause in *Johnson v. United States*, such an argument would be without merit. *Davidson*, as well as, *Summers* and *Murray*, considered whether Washington second degree burglary constitutes a "violent felony" under ACCA's enumerated offense clause which includes the term "burglary." The cases do not analyze Washington burglary under the residual clause.

Government's Response to § 2255 Petition   -   8

(modified categorical approach applied to Washington second degree burglary that qualified as ACCA predicate).

Petitioner's reliance on *United States v. Dixon*, 2015 WL 7422615 (9th Cir. Nov. 20. 2015), is also unpersuasive.  That case dealt with the crime of robbery in a different state, not the crime of burglary in Washington State, which is the issue here.

*Brooks, Davidson,* and  *Koryzbski* were all decided post-*Descamps*, and the courts found the *Descamps* decision did nothing to upset the determination by the Ninth Circuit that Washington's second degree burglary statute is divisible and requires a modified categorical analysis.  In fact, *Descamps* reaffirms the application of the modified categorical approach and the use of court documents to review statute's like the one at issue in this case, where the Court provided:

> To explain when courts should resort to that approach, we hypothesized a statute with alternative elements—more particularly, a burglary statute (otherwise conforming to the generic crime) that prohibits "entry of an automobile as well as a building." [*Taylor,* 495 U.S. at 602]. One of those alternatives (a building) corresponds to an element in generic burglary, whereas the other (an automobile) does not. In a typical case brought under the statute, the prosecutor charges one of those two alternatives and the judge instructs the jury accordingly. So if the case involves entry into a building, the jury is "actually required to find all the elements of generic burglary," as the categorical approach demands. *Ibid.* But the statute alone does not disclose whether that has occurred.
>
> Because the statute is "divisible"— *i.e.,* comprises multiple, alternative versions of the crime—a later sentencing court cannot tell, without reviewing something more, if the defendant's conviction was for the generic (building) or non-generic (automobile) form of burglary. Hence *Taylor* permitted sentencing courts, as a tool for implementing the categorical approach, to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction.

*Descamps*, 133 S. Ct. at 2284. The reasoning in *Descamps* supports the Ninth Circuit holding in *Brooks*, and in this case, where the Washington State second degree burglary statute includes alternatives for the definition of building. The Court must review the court documents using the modified categorical approach to

Government's Response to § 2255 Petition   -   9

determine if the defendant was actually convicted of the burglary of a "building or structure."  In this case, Petitioner's records establish that the locations of his burglaries qualify as buildings or structures for the purpose of the ACCA enhancement.

The Ninth Circuit has held that the terms of a charging document can establish a conviction of generic burglary under *Taylor* by using the term "building" together with a street address and business name.  *United States v. Snyder*, 643 F.3d 694, 698 (9th Cir. 2011); *United States v. Stephens*, 237 F.3d 1031, 1034 (9th Cir. 2001) (indictment's use of the term "building" or "dwelling," without further qualification, along with a specific street address, clearly alleged a generic building under *Taylor*.).

Here, all of Petitioner's second degree burglary convictions constitute the generic offense of burglary based on the modified categorical approach.  With regard to the six (6) second degree burglary convictions[2] in Grays Harbor County set forth in Exhibit 1, the Information and the Amended Judgment and Sentence show that in each of the six counts of conviction, Petitioner was charged with and found guilty of the elements that he:

(1) with intent to commit a crime against a person or property therein;

(2) did enter and remain unlawfully;

(3) in a building (each building being described and further identified by address).

Ex. 1.  In his signed Statement of Defendant on Submission of Case for Trial on the Record, Petitioner also acknowledged and agreed that he was: "charged with the crime(s)

---

[2] Petitioner's six convictions in Grays County are separate offenses for purposes of the ACCA predicate conviction analysis because they were "committed on occasions different from one another."  18 U.S.C. § 924(e)(1); *United States v. Antonie*, 953 F.2d 496 (9th Cir. 1991).

of Burglary in the Second Degree (five counts) and Attempted Burglary in the Second Degree (one count) *the elements of which are unlawful entry into a building* with intent to commit a crime therein." *Id.* (emphasis added).  He also stipulated that: "I have reviewed the reports, documents, and exhibits to be submitted to the court and agree that they constitute the entire record to be considered by the court in determining my guilt or innocence in this case." *Id.*

With regard to the one Spokane County second degree burglary conviction set forth in Exhibit 2, the Amended Information and the Amended Judgment and Sentence show that in each of the count of conviction, Petitioner was charged with and found guilty of the elements that he:

(1) with intent to commit a crime against a person or property therein;

(2) did enter and remain unlawfully;

(3) in the building of Heffling's Farm Supply located at 5420 North Market. Ex. 2.  In his signed Statement of Defendant on Plea of Guilty, Petitioner also stipulated that: "*I unlawfully entered a business* with intent to steal that was not my own." *Id.* (emphasis added).

Based on the foregoing, all of defendant's second degree burglary convictions in Grays County and Spokane County constitute the enumerated offense of "burglary" under ACCA.

In addition, as to all of his burglary convictions in Spokane and Grays County, the parties stipulated that the element proceeded on was that defendant unlawfully entered a building.  See Ex. 1 and 2 (Statement of Defendant on Plea of Guilty). Thus, Petitioner's reference to the overbroad charging language issue found in *United States v. Wilkinson*, 589 Fed.Appx. 348 (9th Cir. 2014) (unpublished), is inapposite.

In sum, Petitioner has failed to show his sentencing innocence under ACCA, and his motion to vacate his sentence should therefore be denied.

Government's Response to § 2255 Petition  -  11

DATED: December 8, 2015            Respectfully submitted,
                                   MICHAEL C. ORMSBY
                                   United States Attorney

                            By: _/s/ Ian L. Garriques_____
                                   IAN L. GARRIQUES
                                   Assistant U.S. Attorney

    I hereby certify that on December 8, 2015, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF System which will send notification of such

filing to the following:  Alison K. Guernsey.

                                   _/s/ Ian L. Garriques_____
                                   IAN L. GARRIQUES
                                   Assistant U.S. Attorney

Government's Response to § 2255 Petition   -   12

OP&P

Certificate of Clerk of the Superior Court of
Washington in and for Grays Harbor County
The above is a true and correct copy of the
original instrument which is on file or of
record in this court.
DEC - 4 2015
Done this _____ day of _____
Cheryl Brown, Clerk By _____
                        Deputy Clerk

FILED
IN THE OFFICE
OF COUNTY CLERK
GRAYS HARBOR CO  WA

SUPERIOR COURT OF WASHINGTON FOR GRAYS HARBOR COUNTY    '89 MAR -1 P3'19

JACKIE BUSSE
COUNTY CLERK

STATE OF WASHINGTON,
                    Plaintiff,

vs

PAUL E  HINES
DOB

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)

NO

89-1-44-2

INFORMATION

P A. NO  CR-89-3679
P R. NO. 89-2268

I, H  Steward Menefee, Prosecuting Attorney for Grays
Harbor County, in the name and by the authority of the State of
Washington, by this Information do accuse the defendant(s) of the
crime of BURGLARY IN THE SECOND DEGREE (five counts) and ATTEMPTED
BURGLARY IN THE SECOND DEGREE (one count) committed as follows

<u>COUNT I</u>

That the said Paul E  Hines in Grays Harbor
County, Washington, on or about the 20th day
of February 1989, with intent to commit a
crime against a person or property therein,
did enter and remain unlawfully in the
building housing Misty's Restaurant, 116 W
Heron, Aberdeen, Washington;

CONTRARY TO RCW 9A.52 030 and against the peace and dignity of the
State of Washington

<u>COUNT II</u>

And I, H  Steward Menefee, Prosecuting Attorney aforesaid,
by and through Deputy Prosecuting Attorney, Gerald R  Fuller
FULLER, further do accuse the defendant of the crime of Burglary
in the Second Degree, a crime of the same or similar character as
alleged in Count I, committed as follows:

That the said Paul E  Hines in Grays
Harbor County, Washington, on or about
the 22th day of February 1989, with
intent to commit a crime against a person
or property therein, did enter and remain

INFORMATION

EXHIBIT 1

H. STEWARD MENEFEE
PROSECUTING ATTORNEY
COUNTY COURTHOUSE

Hines County 00000234

1        unlawfully in the building housing
       Pioneer Florist, 306 W  Wishkah,
2        Aberdeen, Washington;

3 CONTRARY TO RCW 9A.52 030 and against the peace and dignity of the
State of Washington.
4

                  <u>COUNT III</u>
5
       And I, H  Steward Menefee, Prosecuting Attorney aforesaid,
6 by and through Deputy Prosecuting Attorney, Gerald R  Fuller,
further do accuse the defendant of the crime of Burglary in the
7 Second Degree, a crime of the same or similar character as alleged
in Counts I & II, committed as follows:
8
       That the said Paul E. Hines in Grays
9        Harbor County, Washington, on or about
       the 18th day of February 1989, with
10       intent to commit a crime against a person
       or property therein, did enter and remain
11      unlawfully in the building housing Harbor
       Health Club, 200 W  State, Aberdeen,
12      Washington;

13 CONTRARY TO RCW 9A.52.030 and against the peace and dignity of the
State of Washington.
14

                  <u>COUNT IV</u>
15
       And I, H  Steward Menefee, Prosecuting Attorney aforesaid,
16 by and through Deputy Prosecuting Attorney, Gerald R  Fuller,
further do accuse the defendant of the crime of Burglary in the
17 Second Degree, a crime of the same or similar character as alleged
in Counts I-III, committed as follows:
18
       That the said Paul E  Hines in Grays
19        Harbor County, Washington, on or about
       the 7th day of February 1989, with intent
20       to commit a crime against a person or
       property therein, did enter and remain
21      unlawfully in the building housing
       Superior Auto Body, 318 E. State Street,
22      Aberdeen, Washington;

23
CONTRARY TO RCW 9A 52 030 and against the peace and dignity of the
24 State of Washington

25

INFORMATION                        <span style="color:red">EXHIBIT 1</span>         Hines Corrections 35

H. STEWARD MENEFEE
PROSECUTING ATTORNEY
COUNTY COURTHOUSE
MONTESANO, WASHINGTON 98563

### COUNT V

And I, H. Steward Menefee, Prosecuting Attorney aforesaid, by and through Deputy Prosecuting Attorney, Gerald R. Fuller, further do accuse the defendant of the crime of Burglary in the Second Degree, a crime of the same or similar character as alleged in Counts I-IV, committed as follows:

That the said Paul E Hines in Grays
Harbor County, Washington, on or about
the 22th day of February 1989, with
intent to commit a crime against a person
or property therein, did enter and remain
unlawfully in the building housing
Shakey's, Sumner Avenue, Aberdeen,
Washington;

CONTRARY TO RCW 9A 52 030 and against the peace and dignity of the State of Washington.

### COUNT VI

And I, H Steward Menefee, Prosecuting Attorney aforesaid, by and through Deputy Prosecuting Attorney, Gerald R. Fuller, further do accuse the defendant of the crime of Attempted Burglary in the Second Degree, a crime of the same or similar character as alleged in Counts I-V, committed as follows:

That the said Paul E Hines, in Grays
Harbor County, Washington, on or about
February 20, 1989, with intent to commit
a crime against a person or property
therein, did attempt to enter and remain
unlawfully in the building housing the
Harbor Dental Center, 116 E. Wishkah;

CONTRARY TO RCW 9A 52.030 and against the peace and dignity of the State of Washington

H. STEWARD MENEFEE
Prosecuting Attorney
for Grays Harbor County

By _Gerald R. Fuller_
GERALD R FULLER
Deputy Prosecuting Attorney

GRF/lt

INFORMATION          EXHIBIT 1          Hines Convictions 36

Certificate of Clerk of the Superior Court of
Washington in and for Grays Harbor County.
The above is a true and correct copy of the
original instrument which is on file or of
record in this court.

Done this _____ day of ___ DEC - 4 2015

Cheryl Brown, Clerk By _____
Deputy Clerk

FILED
IN THE OFFICE
OF COUNTY CLERK
GRAYS HARBOR CO

'89 MAY -1 P12:50

JACKIE BUSSE
COUNTY CLERK

### SUPERIOR COURT OF WASHINGTON FOR GRAYS HARBOR COUNTY

| | |
|---|---|
| STATE OF WASHINGTON, | ) NO.  89-1-44-2 |
| Plaintiff, | ) |
| | ) STATEMENT OF DEFENDANT |
| vs. | ) ON SUBMISSION OF CASE FOR |
| | ) TRIAL ON THE RECORD |
| PAUL E  HINES, | ) |
| Defendant. | ) |

1.      My true name is PAUL E HINES _____.

2.      My age is 19 _____.  Date of birth _____.

3.      I went through the 11 ____ grade in school.

4      I have been informed and fully understand that I have the
right to representation by a lawyer and that if I cannot afford to
pay for a lawyer, one will be provided at no expense to me    My
lawyer's name is WILLIAM MORGAN

5.      I have been informed and fully understand that I am charged
with the crime(s) of Burglary in the Second Degree (five counts)
and Attempted Burglary in the Second Degree (one count) the
elements of which are unlawful entry into a building with intent
to commit a crime therein and that the maximum sentence(s) for
which are: Burglary Second Degree - Ten years in prison, $20,000
fine;  Attempted Burglary - five years in prison, $10,000 fine

         In addition, I understand that I may have to pay
restitution for crime(s) for which I am found guilty and for any
other uncharged crime(s) for which I have agreed to pay
restitution, as well as the costs and court-appointed attorney
fees of the action.  The standard sentence range for the crime is

- 1 -

43-57 months based upon my criminal history which I understand the Prosecuting Attorney says to be:  See Attached Form 6.  I (agree) (do not agree) that I have the criminal convictions listed above

(  )   Criminal history attached as Appendix _____  and incorporated by reference

I have been given a copy of the Information.

6      I have been informed and fully understand that:

(a)   I have the right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed.

(b)   I have the right to remain silent before and during trial, and I need not testify against myself

(c)   I have the right at trial to hear and question any witnesses who testify against me

(d)   I have the right at trial to have witnesses testify for me.  These witnesses can be made to appear at no expense to me.

(e)   I am presumed innocent until the charge(s) is (are) proven beyond a reasonable doubt, or I enter a plea of guilty.

(f)   I have the right to appeal a determination of guilt after a trial

(g)   If I submit this matter for trial on the record, I give up the rights in (a), (c), and (d) of this paragraph 6

7.     I make this submission of this case for a trial on the record freely and voluntarily

8.     No one has threatened harm of any kind to me or to any other person to cause me to submit this matter for trial on the record.

9.     No person has made promises of any kind to cause me to

- 2 -

EXHIBIT 1                    Hines Convictions 41

submit this case for trial on the record except as set forth in this statement.

10     I have been informed and fully understand that the Prosecuting Attorney will make the following recommendations to the court   57 months on Counts I through IV, 48 months on Count VI, file no other charges from known reports.

11.    I have been informed and fully understand that the standard sentencing range is based on the crime charged and my criminal history.  Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere.  Criminal history also includes convictions or guilty pleas at juvenile court that are felonies and which were committed when I was fifteen years of age or older.  Juvenile convictions count only if I was less than twenty-three years of age at the time I committed this present offense.  I fully understand that if criminal history in addition to that listed in paragraph 5 is discovered, both the standard sentence range and the Prosecuting Attorney's recommendation may increase.  Even so, I fully understand that my submission of this case for trial on the record is binding upon me if accepted by the court, and I cannot change my mind if additional criminal history is discovered and the standard sentence range (and the Prosecuting Attorney's recommendation) increase(s).

12.    I have been informed and fully understand that the court does not have to follow anyone's recommendation as to sentence   I have been fully informed and fully understand that the court must impose a sentence within the standard sentence range unless the

- 3 -

EXHIBIT 1                              Hines Convictions 42

court finds substantial and compelling reasons not to do so    If the court goes outside the standard sentence range, either I or the state can appeal that sentence    If the sentence is within the standard sentence range, no one can appeal the sentence.

13.    I understand that if I am on probation, parole, or community supervision, a finding of guilty to the present charge(s) will be sufficient grounds for a Judge to revoke my probation or community supervision or for the Parole Board to revoke my parole.

14.    I understand that if I am not a citizen of the United States, a finding of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

15.    I have reviewed the reports, documents, and exhibits to be submitted to the court and agree that they constitute the entire record to be considered by the court in determining my guilt or innocence in this case.

16.    I understand that if I submit this matter to the court on the record it is final.  Once the submission on the record is accepted, I cannot change my mind at a later time.

17    I have read or have had read to me and fully understand all of the numbered sections above (1 through 16) and have received a copy of this "Statement of Defendant for Submission of Case for

- 4 -
EXHIBIT 1                Hines Convictions 43

Trial on the Record" form.  I have no further questions to ask of the court

_____          Paul Hines,
Deputy Prosecuting Attorney               DEFENDANT

                                          _____
                                          Attorney for Defendant

EXHIBIT 1                                Hines Convictions 44

The foregoing statement was read by me or to the defendant and signed by the defendant in the presence of his or her attorney, and the undersigned Judge, in open court.  The court finds the defendant's submission on the record to be knowingly, intelligently and voluntarily made, that the court has informed the defendant of the nature of the charge and the consequences of submitting this matter for trial on the record.

DATED: _____ MAy 1, 1989 _____

_____
JUDGE

EXHIBIT 1                              Hines Convictions 45

Certificate of Clerk of the Superior Court of Washington in and for Grays Harbor County. The above is a true and correct copy of the original instrument which is on file or of record in this court.

Done this ________ day of DEC - 4 2015

Cheryl Brown, Clerk By [signature] Deputy Clerk

FILED
IN THE OFFICE
OF COUNTY CLERK
GRAYS HARBOR CO. WA

'89 JUN 14 P1:24

JACKIE RUSS
COUNTY

3 JAIL
1 P & P.
1 D. O. C.
— S. C.
2 PROS.

SUPERIOR COURT OF WASHINGTON FOR GRAYS HARBOR COUNTY

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 89-1-44-2 89 2842 |
| Plaintiff, | |
| vs | JUDGMENT AND SENTENCE (CONFINEMENT OVER ONE YEAR) |
| PAUL E. HINES, | DOB: [redacted] |
| | SID: |
| | FBI: |
| | SEX: male RACE: |
| Defendant. | |

## I. HEARING

1.1 A sentencing hearing in this case was held 6/14/89
1.2 Present were the defendant, his/her counsel, William Morgan and Deputy Prosecuting Attorney Gerald R Fuller
1 3 The State has moved for dismissal of Count(s)____.
1 4 The court finds there exists no legal cause as to why judgment should not be pronounced.

## II FINDING

2.1 CURRENT OFFENSE(S): The defendant was found guilty on May 1, 1989 by non-jury trial of:

| | | Offense Date | RCW |
|---|---|---|---|
| Count I: | Burglary Second Degree | 2/20/89 | 9A.52.030 |
| Count II: | Burglary Second Degree | 2/22/89 | 9A 52.030 |
| Count III: | Burglary Second Degree | 2/18/89 | 9A 52.030 |
| Count IV: | Burglary Second Degree | 2/7/89 | 9A 52.030 |
| Count V: | Burglary Second Degree | 2/22/89 | 9A.52.030 |
| Count VI | Att Burglary Second Degree | 2/20/89 | 9A.52 030/ 9A.28.020 |

[ ] With a special verdict/finding for use of deadly weapon on Count(s):
[ ] Current offenses encompassing the same criminal conduct and counting as one crime in determining the offender score are:
[ ] Additional current offenses are attached in Appendix.

2 2  CRIMINAL HISTORY.  The defendant's criminal history is (as stipulated by the parties at the time of plea)  (as set forth below):

| Crime | Sentence Date | Adult or Juv. crime |
|-------|---------------|---------------------|

See attached form 6 — *and exhibit #1 st sentencing*

[ ]  Additional criminal history is attached in Appendix.

2.3  SENTENCING DATA:

|  | Offender Score | Seriousness Level | Range | Maximum Term |
|--|----------------|-------------------|-------|--------------|
| Count I: | 13 | II | 43-57 | *Class B* |
| Count II: | 13 | II | 43-57 | " |
| Count III: | 13 | II | 43-57 | " |
| Count IV: | 13 | II | 43-57 | " |
| Count V: | 13 | II | 43-57 | " |
| Count VI: | 13 | II | 32¼-42¼ | *Class C* |

[ ]  Additional current offense sentencing information is attached in Appendix.

2.4  EXCEPTIONAL SENTENCE:

[ ]  Substantial and compelling reasons exist which justify a sentence (above)(below) the standard range for Count(s).  Findings of Fact and Conclusions of Law are stated in the attached appendix.

2 5  CATEGORY OF OFFENDER:  The defendant is:
(A)  An offender who shall be sentenced to confinement over one year.

### III.  JUDGMENT

The defendant is guilty of the crime(s) as set forth in Findings 2.1

### IV.  ORDER

It is ordered that defendant serve the determinate sentence and abide by the conditions set forth below.

JUDGMENT AND SENTENCE    EXHIBIT 1                    Hines Convictions 50

**4.1  Defendant shall pay to the Clerk of this Court:**

(X)  A.  Filing Fee $70
( )  B   Recoupment of Expenses
      1. Witness Fee $_____.
      2. Sheriff's Return $_____.
      3. Extradition Costs $_____.
      4. Investigation Costs $_____.
      5. Other (specify) $_____.

      _____
      _____
      _____

(X)  C.  Crime Victim Assessment $70.
(X)  D.  Restitution (joint and several with
     codefendants) to and amount:
     Harbor Dental Center, 116 E Wishkah, Aberdeen
     $210.18.  *additional*
     [✓]  Schedule of restitution is attached
     [ ]  To be determined

(✓)  E.  Indigent attorney fees in the amount of
     $ *600~*.
( )  F.  Fine of $_____.
( )  G.  $_____ to the _____ Drug
     Control Fund.
(✓)  H.  Payments shall be made in the following manner
     [ ] $_____ per month
     [✓] As set by defendant's community corrections
     officer *upon release*
(✓)  I.  This court shall retain jurisdiction over the
     defendant for a period of ten (10) years to assure
     payment of the above monetary obligations.
(✓)  J.  Clerk shall credit all payments to restitution
     first.

**4.2  [ ]  The Court dismisses Count(s) _____**

**4.3  CONFINEMENT OVER ONE YEAR:  Defendant is sentenced to a term
of total confinement in the custody of the Department of
Corrections as follows commencing _____, 19___:**

    *72* (days) (months) on Count I.    *72 months on Ct IV*
    *72* (days) (months) on Count II.   *72 months on Ct V*
    *72* (days) (months) on Count III.  *72 months on Ct VI*

    [✓] The terms in Count numbers *I-VI* are concurrent for a
    total term of *72* months.
    [ ] The terms in Count numbers _____ are consecutive for
    a total term of _____ months.
    [ ] The sentence herein shall run (concurrently)
    (consecutively) with sentence in Cause No
    _____.

JUDGMENT AND SENTENCE   EXHIBIT 1         Hines Convictions 51

[✓]   Credit is given for time served (___ days)  (since
      2/28/89   )  (as computed by jail staff).

      The following Appendices are attached to this Judgment and
Sentence and are incorporated by reference:

      [ ]   Additional criminal history.
      [ ]   Additional current offense sentencing information
      [ ]   Findings of Fact and Conclusions of Law for
            an exceptional sentence.
      [ ]   Schedule of restitution.
      [ ]   Other:


DATED: June 14, 1989.          JUDGE


Presented by:                  Approved as to form:

(Deputy) Prosecuting Attorney  Attorney for Defendant

## State v Hines — Restitution

1) Harbor Health Club    200 W State, Aberdeen — $185.96

2) Superior Auto Body 318 E State, Aberdeen
$2750  for insurance deductible

3) Farmer Insurance cf Superior Auto Body
c/o Jim Andrews, Agent  600 E Wishkah,
Aberdeen  Policy # 600383977 — as approved

4) David Scoggins  c/o Superior Auto Body — $2713 43

5) Misty's Restaurant, 116 W Heron, Ab —
as approved by court

EXHIBIT 1

Hines Convictions 53

Certificate of Clerk of the Superior Court of Washington in and for Grays Harbor County. The above is a true and correct copy of the original instrument which is on file or of record in this court.

Done this _____ day of DEC - 4 2015

Cheryl Brown, Clerk By _____
                        Deputy Clerk

FILED
IN THE OFFICE
OF COUNTY CLERK
GRAYS HARBO'

'89 JUN 19 P 4.42

JACKIE ~~~~
CO. ~~

3  JAN.
/  P ~
__ D J ~
/  S. C.
2  PROS.

SUPERIOR COURT OF WASHINGTON FOR GRAYS HARBOR COUNTY

STATE OF WASHINGTON,

               Plaintiff,

vs

PAUL E. HINES,

               Defendant.

NO   89-1-44-2   89  2933

A M E N D E D
JUDGMENT AND SENTENCE
(CONFINEMENT OVER ONE YEAR)
DOB:
SID
FBI:
SEX  male   RACE:

## I. HEARING

1.1  A sentencing hearing in this case was held: 6-14-89
1.2  Present were the defendant, his/her counsel, William Morgan and Deputy Prosecuting Attorney Gerald R. Fuller
1 3  The State has moved for dismissal of Count(s)_____.
1 4  The court finds there exists no legal cause as to why judgment should not be pronounced.

## II. FINDING

2.1  CURRENT OFFENSE(S):  The defendant was found guilty on May 1, 1989 by non-jury trial of:

Offense Date   RCW

Count I:  Burglary Second Degree  2/20/89   9A 52 030

Count II:  Burglary Second Degree  2/22/89   9A 52.030

Count III:  Burglary Second Degree  2/18/89   9A 52.030

Count IV:  Burglary Second Degree  2/7/89   9A 52.030

Count V:  Burglary Second Degree  2/22/89   9A 52 030

Count VI:  Att. Burglary Second Degree 2/20/89 9A.52 030/
                                              9A 28 020

[ ]  With a special verdict/finding for use of deadly weapon on Count(s):
[ ]  Current offenses encompassing the same criminal conduct and counting as one crime in determining the offender score are:
[ ]  Additional current offenses are attached in Appendix

JUDGMENT AND SENTENCE   EXHIBIT 1   Hines Convictions 58

**2.2  CRIMINAL HISTORY.**  The defendant's criminal history is (as stipulated by the parties at the time of plea) (as set forth below):

| Crime | Sentence Date | Adult or Juv. crime |
|-------|---------------|---------------------|

See attached form 6 and exhibit #1 at sentencing.

[ ]  Additional criminal history is attached in Appendix.

**2 3  SENTENCING DATA**

| | Offender Score | Seriousness Level | Range | Maximum Term |
|---|---|---|---|---|
| Count I: | 13 | II | 43-57 | Class B |
| Count II: | 13 | II | 43-57 | Class B |
| Count III | 13 | II | 43-57 | Class B |
| Count IV: | 13 | II | 43-57 | Class B |
| Count V: | 13 | II | 43-57 | Class B |
| Count VI: | 13 | II | $32\frac{1}{4}$-$42\frac{1}{4}$ | Class C |

[ ]  Additional current offense sentencing information is attached in Appendix.

**2 4  EXCEPTIONAL SENTENCE:**

[ ]  Substantial and compelling reasons exist which justify a sentence (above)(below) the standard range for Count(s).  Findings of Fact and Conclusions of Law are stated in the attached appendix.

**2 5  CATEGORY OF OFFENDER:**  The defendant is:
    **(A)**  An offender who shall be sentenced to confinement over one year.

### III.  JUDGMENT

The defendant is guilty of the crime(s) as set forth in Findings 2.1.

### IV.  ORDER

It is ordered that defendant serve the determinate sentence and abide by the conditions set forth below
JUDGMENT AND SENTENCE    EXHIBIT 1    Hines Convictions 59

4.1  **Defendant shall pay to the Clerk of this Court:**

    (X)  A.  **Filing Fee $70**
    ( )  B.  **Recoupment of Expenses:**
               **1  Witness Fee $_____**
               **2. Sheriff's Return $_____**
               **3  Extradition Costs $_____.**
               **4. Investigation Costs $_____**
               **5. Other (specify) $_____.**

                      _____
                      _____
                      _____

    (X)  C  **Crime Victim Assessment $70.**
    (X)  D.  **Restitution (joint and several with**
            **codefendants) to and amount:**
              **Harbor Dental Center, 116 E. Wishkah, Aberdeen**
                 **$210.18.**
            [X]  **Schedule of additional restitution is** *attached*.
            [✓]  **To be determined.**

    (X)  E  **Indigent attorney fees in the amount of**
            **$600**
    ( )  F.  **Fine of $_____.**
    ( )  G.  **$_____ to the _____ Drug**
            **Control Fund**
    (X)  H  **Payments shall be made in the following manner:**
            [ ] **$_____ per month.**
            [X] **As set by defendant's community corrections**
                 **officer upon release.**
    (X)  I.  **This court shall retain jurisdiction over the**
            **defendant for a period of ten (10) years to assure**
            **payment of the above monetary obligations.**
    (X)  J  **Clerk shall credit all payments to restitution**
            **first**

4 2  [ ]  **The Court dismisses Count(s)** _____

4 3  **CONFINEMENT OVER ONE YEAR:  Defendant is sentenced to a term of total confinement in the custody of the Department of Corrections as follows commencing** _immediately_ **, 19___:**

     _57_ (~~days~~) (months) on Count I  _57_ months on Ct. IV.
     _57_ (~~days~~) (months) on Count II _57~~mos~~_ months on Ct V
  _mos_ _57_ (~~days~~) (months) on Count III. _42½_ months on Ct VI.

    [X]  **The terms in Count numbers I–~~IV~~ VI are concurrent for a total term of** _57_ **months.**
    [ ]  **The terms in Count numbers _____ are consecutive for a total term of _____ months.**
    [ ]  **The sentence herein shall run (concurrently) (consecutively) with sentence in Cause No.** _____

[X]  Credit is given for time served (___ days) *from* 2/28/89  ~~(as computed by jail staff)~~.


The following Appendices are attached to this Judgment and Sentence and are incorporated by reference:

[ ]  Additional criminal history.
[ ]  Additional current offense sentencing information.
[ ]  Findings of Fact and Conclusions of Law for an exceptional sentence
[ ]  Schedule of restitution.
[ ]  Other:


DATED: ___June 19, 1989.___  _____
                                     J U D G E

Presented by:                  Approved as to form
_____     _____
(Deputy) Prosecuting Attorney  Attorney for Defendant

_State v. Hines_ — Restitution

1) Harbor Health Club    200 w State, Aberdeen
— $185.96

2) Superior Auto Body  318 E State, Aberdeen
$2750  for insurance deductible

3) Farmers Insurance  RE Superior Auto Body
c/o Jim Andrews, Agent  600 E Wishkah,
Aberdeen  Policy # 600383977 — as approved

4) David Scaggins  c/o Superior Auto Body — $2713.43

5) Misty's Restaurant, 116 W Heron, Ab —
as approved by court

EXHIBIT 1                    Hines Convictions 62

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

**FILED**

APR 1 3 1998

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

STATE OF WASHINGTON,

           Plaintiff,

    v.

PAUL EDWARD HINES

JASON JOSEPH MAZZARESE

           Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)

INFORMATION

NO. **98100786-0**

SHANE D. SMITH
Deputy Prosecuting Attorney

PA#  98-9-97773-0
RPT# 02-98-78603
RCW  9A.52.030-F (#17711)

        Comes now the Prosecuting Attorney in and for Spokane County, Washington, and charges the defendant(s) with the following crime(s):

SECOND DEGREE BURGLARY, committed as follows:  That the defendants, PAUL EDWARD HINES and JASON JOSEPH MAZZARESE, in Spokane County, Washington, on or about March 25, 1998, with intent to commit a crime against a person or property therein, did enter and remain unlawfully in the building of Heffling's Farm Supply, located at 5420 North Market,

                             Deputy Prosecuting Attorney
                             WSBA#25196

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DEFENDANT INFORMATION:  PAUL EDWARD HINES

DOL #:                                     State:
SID #:  013200147                          DOC #:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

INFORMATION 1

JAMES R. SWEETSER
Spokane County Prosecuting Attorney
County-City Public Safety Building
Spokane, WA 99260

EXHIBIT 2                    Hines Convictions 1

**FILED**

**JUN 1 9 1998**

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | AMENDED |
| | ) | INFORMATION |
| Plaintiff, | ) | |
| | ) | NO.  98-1-00786-0 |
| v. | ) | |
| | ) | SHANE D. SMITH |
| | ) | Deputy Prosecuting Attorney |
| PAUL EDWARD HINES | ) | |
| WM 070869 | ) | |
| | ) | PA#  98-9-97773-0 |
| | ) | RPT# 02-98-78603 |
| Defendant(s) | ) | RCW  CT I: 9A.52.030-F (#17711) |
| | ) | CT II: 9A.48.080(1)(a)-F (#04339) |
| | ) | |

Comes now the Prosecuting Attorney in and for Spokane County, Washington, and charges the defendant(s) with the following crime(s):

COUNT I:  SECOND DEGREE BURGLARY, committed as follows:  That the defendant, PAUL EDWARD HINES, in Spokane County, Washington, on or about March 25, 1998, with intent to commit a crime against a person or property therein, did enter and remain unlawfully in the building of Heffling's Farm Supply, located at 5420 North Market,

COUNT II:  And the Prosecuting Attorney, as aforesaid, further charges the defendant, PAUL EDWARD HINES, with the crime of SECOND DEGREE MALICIOUS MISCHIEF, committed as follows:  That the defendant, PAUL EDWARD HINES, in Spokane County, Washington, on or about March 25, 1998, did knowingly and maliciously cause physical damage in excess of $250 to two windows and a metal hasp of the building located at 5420 North Market, the property of Heffling's Farm Supply,

_____
Deputy Prosecuting Attorney

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT INFORMATION:  PAUL EDWARD HINES**
Address:
Height:
Hair:
DOL #:                                   State:
SID #:    013200147                      DOC #:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES R. SWEETSER
Spokane County Prosecuting Attorney
County-City Public Safety Building
Spokane, WA 99260

AMENDED INFORMATION - 1

EXHIBIT 2                              Hines Convictions 5

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

**FILED**
JUL 1 5 1998
THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | NO.  98-1-00786-0 |
| Plaintiff, | ) ) | PA#  98-9-97773-1 |
| | ) | RPT# 02-98-78603 |
| v. | ) | RCW 9A.52.030-F (#17711) |
| | ) | |
| PAUL EDWARD HINES | ) | |
| ▓▓▓▓▓▓▓ | ) | STATEMENT OF DEFENDANT ON |
| Defendant | ) | PLEA OF GUILTY |

1.    My true name is *PAUL EDWARD HINES* .

2.    My age is *27* .  Date of birth ▓▓▓▓▓▓▓

3.    I went through the *GED* grade.

4.    I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:

   (a)    I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me.  My lawyer's name is CHRISTIAN J. PHELPS.

   (b)    I am charged with the crime of SECOND DEGREE BURGLARY.  The elements of this crime are _____

   _____

   _____ .

5.    I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT I HAVE THE FOLLOWING IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY:

   (a)    The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;

   (b)    The right to remain silent before and during trial, and the right to refuse to testify against myself;

   (c)    The right at trial to hear and question the witnesses who testify against me;

   (d)    The right at trial to have witnesses testify for me.  These witnesses can be made to appear at no expense to me;

   (e)    I am presumed innocent until the charge is proven beyond a reasonable doubt or I enter a plea of guilty;

   (f)    The right to appeal a determination of guilt after a trial.

STATEMENT OF DEFENDANT
ON PLEA OF GUILTY
(CrR 4.2(G))

EXHIBIT 2

Page 1 of 6
Hines Convictions 6

6.    IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA, I UNDERSTAND THAT:

(a)    The crime with which I am charged carries a maximum sentence of 5 years imprisonment and a $ *10K* fine.  The standard sentence range is from *43* months to *57* months confinement, based on the prosecuting attorney's understanding of my criminal history.

(b)    The standard sentence range is based on the crime charged and my criminal history.  Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere.  Criminal history also includes convictions in juvenile court for felonies or serious traffic offenses that were committed when I was 15 years of age or older.  Juvenile convictions, except those for class A felonies, count only if I was less than 23 years old when I committed the crime to which I am now pleading guilty.

(c)    The prosecuting attorney's statement of my criminal history is attached to this agreement.  Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete.  If I have attached my own statement, I assert that it is correct and complete.  If I am convicted of any additional crimes between now and the time I am sentenced, I am obligated to tell the sentencing judge about those convictions.

(d)    If I am convicted of any new crimes before sentencing, or if any additional criminal history is discovered, both the standard sentence range and the prosecuting attorney's recommendation may increase.  Even so, my plea of guilty to this charge is binding on me.  I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the prosecuting attorney's recommendation increase, and even though a mandatory sentence of life imprisonment without the possibility of parole is required by law.

(e)    In addition to sentencing me to confinement for the standard range, the judge will order me to pay $*500* as a victim's compensation fund assessment.  If this crime resulted in injury to any person or damage to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate.  The judge may also order that I pay a fine, court costs, and attorney fees.  Furthermore, the judge may place me on community supervision, impose restrictions on my activities, and order me to perform community service.

(f)    The prosecuting attorney will make the following recommendation to the judge: *43 MONTHS      $500 VCF W/ COSTS*
_____
_____

(g)   The judge does not have to follow anyone's recommendation as to sentence.  The judge must impose a sentence within the standard range unless the judge finds substantial and compelling reasons not to do so.  If the judge goes outside the standard range, either I or the State can appeal that sentence.  If the sentence is within the standard range, no one can appeal the sentence.

(h)   The crime(s) of SECOND DEGREE BURGLARY  has a mandatory minimum sentence of at least _____ years of total confinement.  The law does not allow any reduction of this sentence.  This mandatory minimum sentence is not the same as the mandatory sentence of life imprisonment without the possibility of parole described in paragraph 6(q).  **[If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]**

*CJP*

(i)   I am being sentenced for two or more violent offenses arising from separate and distinct criminal conduct and the sentences imposed on counts _____ and _____ will run consecutively unless the judge finds substantial and compelling reasons to do otherwise.  **[If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]**

*CJP*

(j)   In addition to confinement, the judge will sentence me to community placement for at least 1 year.  During the period of community placement, I will be under the supervision of the Department of Corrections, and I will have restrictions placed on my activities.  **[If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]**

*CJP*

(k)   The judge may sentence me as a first time offender instead of giving a sentence within the standard range if I qualify under RCW 9.94A.030(20).  This sentence could include as much as 90 days' confinement plus all of the conditions described in paragraph (e).  Additionally, the judge could require me to undergo treatment, to devote time to a specific occupation, and to pursue a prescribed course of study or occupational training.  **[If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]**

*AJP*

(l)   This plea of guilty will result in revocation of my privilege to drive.  If I have a driver's license, I must now surrender it to the judge.  **[If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]**

*CJP*

(m)   If this crime involves a sexual offense, prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (AIDS) virus.  **[If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]**

*CJP*

(n)   If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

**STATEMENT OF DEFENDANT
ON PLEA OF GUILTY
(CrR 4.2(G))**

EXHIBIT 2                                        **Page 3 of 6**
Hines Convictions 8

(o)  If this crime involves a sex offense or a violent offense, I will be required to provide a sample of my blood for purposes of DNA identification analysis.  [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]

(p)  Because this crime involves a sex offense, I will be required to register with the sheriff of the county of the state of Washington where I reside.  I must register immediately upon being sentenced unless I am in custody, in which case I must register within 24 hours of my release.

If I leave this state following my sentencing or release from custody but later move back to Washington, I must register within 30 days after moving to this state or within 24 hours after doing so if I am under the jurisdiction of this state's Department of Corrections.

If I change my residence within a county, I must send written notice of my change of residence to the sheriff at lease 14 days before moving and must register again with the sheriff within 24 hours of moving.  If I change my residence to a new county within this state, I must send written notice of my change of residence to the sheriff of my new county at least 14 days before moving, register with that sheriff within 24 hours of moving and I must give written notice of my change of address to the sheriff of the county where last registered within 10 days of moving.  If I move out of Washington state, I must also send written notice within 10 days of moving to the county sheriff with whom I last registered in Washington state.  [If not applicable, these three paragraphs should be stricken and initialed by the defendant and the judge.]

(q)  This offense is a most serious offense as defined by RCW 9.94A.030(21), and if I have at least two prior convictions for most serious offenses, whether in this state, in federal court, or elsewhere, the crime for which I am charged carries a mandatory sentence of life imprisonment without the possibility of parole.  [If not applicable, this sentence should be stricken and initialed by the defendant and the judge.]

(r)  I understand that I may not possess, own, or have under my control any firearm unless my right to do so is restored by a court of record and that I must immediately surrender any concealed pistol license.  (PURSUANT TO RCW 9.41.047(1), THE JUDGE SHALL READ THIS SECTION TO THE DEFENDANT IN OPEN COURT IF THE DEFENDANT IS PLEADING GUILTY TO A FELONY OR ANY OF THE FOLLOWING CRIMES WHEN COMMITTED BY ONE FAMILY OR HOUSEHOLD MEMBER AGAINST ANOTHER:  ASSAULT IN THE FOURTH DEGREE, COERCION, STALKING, RECKLESS ENDANGERMENT IN THE SECOND DEGREE, CRIMINAL TRESPASS IN THE FIRST DEGREE, OR VIOLATION OF THE PROVISIONS OF A PROTECTION ORDER OR NO-CONTACT ORDER RESTRAINING THE PERSON OR EXCLUDING THE PERSON FROM A RESIDENCE (RCW 25.50.060, 26.50.070, 26.50.130, OR 10.99.040).  THE CLERK SHALL FORWARD A COPY OF THE DRFENDANT'S DRIVER'S LICENSE, IDENTICARD, OR COMPARABLE IDENTIFICATION TO THE DEPARTMENT OF LICENSING ALONG WITH THE DATE OF CONVICTION.)  [If not applicable, this paragraph should be stricken and initialed by  the defendant and the judge].

7.  I plead *GUILTY* to the crime of SECOND DEGREE BURGLARY   as charged
    in the Information.  I have received a copy of that information.

8.  I make this plea freely and voluntarily.

9.  No one has threatened harm of any kind to me or to any other person to
    cause me to make this plea.

10. No person has made promises of any kind to cause me to enter this plea
    except as set forth in this statement.

11. The judge has asked me to state briefly in my own words what I did
    that makes me guilty of this crime.  This is my statement:
    *X I unlawfully entered a business with intent*
    *to steal that was not my own*

12. My lawyer has explained to me, and we have fully discussed, all of the
    above paragraphs.  I understand them all.  I have been given a copy of
    this "Statement of Defendant on Plea of Guilty."  I have no further
    questions to ask the judge.

    _____
            Defendant

I have read and discussed this statement with the defendant and believe
that the defendant is competent and fully understands the statement.

_____                _____
Deputy Prosecuting Attorney             Defendant's Lawyer *CHRIS PHELPS*

WSBA #: *25196*                          WSBA#: *25190*

The foregoing statement was signed by the defendant in open court in the
presence of the defendant's lawyer and the undersigned judge.  The
defendant asserted that [check appropriate box]:

    (✓) (a)  The defendant had previously read; or
    ( ) (b)  The defendant's lawyer had previously read to him
             or her; or
    ( ) (c)  An interpreter had previously read to the
             defendant the entire statement above and that the
             defendant understood it in full.

**STATEMENT OF DEFENDANT
ON PLEA OF GUILTY
(CrR 4.2(G))**                          **EXHIBIT 2**          **Page 5 of 6**
                                                        Hines Convictions 10

I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made.  Defendant understands the charges and the consequences of the plea.  There is a factual basis for the plea.  The defendant is guilty as charged.

Dated this _14_ day of _July_ ,1998.

_____
Judge RICHARD W. MILLER

I am a certified interpreter or have been found otherwise qualified by the court to interpret in the _____ language which the defendant understands, and I have translated this entire document for the defendant from English into that language.  The defendant has acknowledged his or her understanding of both the translation and the subject matter of this document.  I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this _____ day of _____ ,1998.

_____
                Interpreter

**STATEMENT OF DEFENDANT
ON PLEA OF GUILTY
(CrR 4.2(G))**

EXHIBIT 2

Page 6 of 6
Hines Convictions 11

SUPERIOR COURT OF WAS        N
COUNTY OF SPOKANE

STATE OF WASHINGTON, Plaintiff,
v.

PAUL EDWARD HINES,

Defendant.

SID: 013200147

**FILED**

JUL 1 5 1998

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

NO.   98-1-00786-0

PA#   98-9-97773-1
RPT#  02-98-78603
RCW   9A.52.030-F (#17711)

**JUDGMENT AND SENTENCE** (JS)
[X] Prison
[ ] Persistent Offender
[ ] Jail One Year or Less
[ ] First Time Offender
[ ] Special Sexual Offender
    Sentencing Alternative
[ ] Special Drug Offender Sentencing
    Alternative

## I. HEARING

1.1  A sentencing hearing was held and the defendant, the defendant's lawyer and the deputy prosecuting attorney were present.

## II. FINDINGS

There being no reason why judgment should not be pronounced, the Court FINDS:

2.1  CURRENT OFFENSE(S):  The defendant was found guilty on ___7-14-98___

by [X] plea   [ ] jury verdict   [ ] bench trial of:

| | |
|---|---|
| Count No.: I | Crime: **SECOND DEGREE BURGLARY** |
| | RCW  **9A.52.030-F (#17711)** |
| | Date of Crime **MARCH 25, 1998** |
| | Incident No. **02-98-78603** |

COURT COST _110_
VICTIM ASSESS _500_
RESTITUTION _434.56_
FINE _____
DRUG FUND _____
ATTY FEES _____
SHERIFF _____
OTHER COST _____

| | |
|---|---|
| Count No.: | Crime: |
| | RCW |
| | Date of Crime |
| | Incident No. |

| | |
|---|---|
| Count No.: | Crime: |
| | RCW |
| | Date of Crime |
| | Incident No. |

as charged in the Information

[ ]  Additional current offenses are attached in Appendix 2.1

[ ]  A special verdict/finding for use of **a firearm** was returned on Count(s) ____. RCW 9.94A.125, .310

[ ]  A special verdict/finding for use of **a deadly weapon other than a firearm** was returned on Count(s) ____. RCW 9.94A.125, .310

JUDGMENT AND SENTENCE (Felony)
(RCW 9.94A.110, .120)(WPF CR 84.0400 (7/95))

Page 1

98904040-8

EXHIBIT 2        Hines Convictions 12

[ ]  A special verdict/finding of **sexual motivation** was returned on Count(s) _____.  RCW 9.94A.127

[ ]  A special verdict/finding for **Violation of the Uniform Controlled Substances Act** was returned on Count(s)_____, RCW 69.50.401 and RCW 69.50.435, taking place in a school, school bus, within 1000 feet of the perimeter of a school grounds or within 1000 feet of a school bus route stop designated by the school district; or in a public park, in a public transit vehicle, or in a public stop shelter.

[ ]  The defendant was convicted of **vehicular homicide** which was proximately caused by a person driving a vehicle while under the influence of intoxicating liquor or drug or by the operation of a **vehicle in a reckless manner and is therefore a violent offense.** RCW 9.94A.030

[ ]  Current offenses encompassing the same criminal conduct and counting as one crime in determining the offender score are (RCW 9.94A.400):

[ ]  Other current conviction listed under different cause numbers used in calculating the offender score are (list offense and cause number):

2.2  **CRIMINAL HISTORY:** Prior convictions constituting criminal history for purposes of calculating the offender score are (RCW 9.94A.360)

| Crime | Date of Crime | Crime Type | Adult or Juv | Place of Conviction | Sent. Date |
|---|---|---|---|---|---|
| ATMPT BURG 2 | 022089 | NV | A | GRAYS HARBOR CO, WA | 061989 |
| BURGLRY 2 | 020789 | NV | A | GRAYS HARBOR CO, WA | 061989 |
| PCS | 011588 | DRUG | A | YAKIMA CO, WA | 040888 |
| BURGLARY 2 | 051486 | NV | A  J | YAKIMA CO, WA | 050986 |
| BURGLARY 2 | 031086 | NV | A  J | YAKIMA CO, WA | 050186 |
| BURGLARY 2 | 012886 | NV | A  J | YAKIMA CO, WA | 030386 |
| DUI | 070896 | MISD. | A | SPOKANE CO, WA | 121296 |

[ ]  Additional criminal history is attached in Appendix 2.2

[ ]  The defendant committed a current offense while on community placement (adds one point to score).  RCW 9.94A.360

[ ]  The court finds that the following prior convictions are one offense for purposes of determining the offender score (RCW 9.94A.360):

2.3   **SENTENCING D**

| CT NO | OFFENDER SCORE | SERIOUSNESS LEVEL | STANDARD RANGE (not including enhancements) | Plus enhancement for Firearm (F), other deadly weapon finding (D), or VUCSA (V) in a protected zone | Total STANDARD RANGE (including enhancements) | MAXIMUM TERM |
|---|---|---|---|---|---|---|
| I | "8" | III | 43-57 MONTHS | N/A | 43-57 months | 10 Years, $20,000 |
| | | | | | | |
| | | | | | | |

[ ]   Additional current offense sentencing data in Appendix 2.3

2.4   [ ]   **EXCEPTIONAL SENTENCE:**  Substantial and compelling reasons exist which justify an exceptional sentence [ ] above [ ] within  [ ] below the standard range for Count(s)_____. Findings of fact and conclusions of law are attached in Appendix 2.4.  The Prosecuting Attorney [ ] did [ ] did not recommend a similar sentence.

2.5   **ABILITY TO PAY LEGAL FINANCIAL OBLIGATIONS.**  The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change.  The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein.  RCW 9.94A.142

[ ]   The following extraordinary circumstances exist that make restitution inappropriate (RCW 9.94A.142):_____

_____

_____

_____

2.6   For violent offenses, most serious offenses, or armed offenders recommended sentencing agreements or plea agreements are

[ ] attached or [ ] as follows_____

_____

_____

### III.   JUDGMENT

3.1   The defendant is **GUILTY** of the Counts and Charges listed in paragraph 2.1 and Appendix 2.1

3.2   [X]   The Court **DISMISSES** Counts II OF AMENDED INFORMATION

3.3   [ ]   The defendant is found **NOT GUILTY** of Counts _____

## IV.    SENTENCE AND ORD

**IT IS ORDERED:**
4.1  Defendant shall pay to the Clerk of the Court

$ __434.56__    Restitution to: __HEPLING'S FARM SUPPLY__

JASS CODE $_____    Restitution to: _____

RTN/RJN $_____    Restitution to: _____

(Name and Address-address may be withheld and provided confidentially to Clerk's Office)

PCV        $500.00        Victim Assessment RCW 7.68.035

CRC        $110.00        Court costs, including: RCW 9.94A.030,
                          9.94A.120, 10.01.160, 10.46.190

                          Criminal Filing fee $_____    FRC

                          Witness costs $_____    WFR

                          Sheriff service fees $_____    SFR/SFS/SFW/SRF

                          Jury demand fee $_____    JFR

                          Other $_____

PUB        $_____    Fees for court appointed attorney RCW 9.94A.030

WRF        $_____    Court appointed defense expert and other defense costs  RCW 9.94A.030

FCM        $_____    Fine RCW 9A.20.021; [ ] VUCSA additional fine deferred due to indigency  RCW 69.50.430

CDF/LDI/   $_____    Drug enforcement fund of _____
FCD/NTF/SAD/SDI                RCW 9.94A.030

CLF        $_____    Crime lab fee [ ] deferred due to indigency RCW 43.43.690

EXT        $_____    Extradition costs RCW 9.94A.120

           $_____    Emergency response costs (Vehicular Assault, Vehicular Homicide only, $1,000 maximum) RCW 38.52.430_____

           $_____    Other costs for: _____

           $__1044.56__    **TOTAL RCW 9.94A.145**

[ ]  The above total does not include all restitution or other legal financial obligations, which may be set by later order of the court. An agreed restitution order may be entered.  RCW 9.94A.142.  A restitution hearing:

     [ ]  shall be set by the prosecutor
     [ ]  is scheduled for _____

[ ] **RESTITUTION.** Sch      attached, Appendix 4.

[X] Restitution ordered above shall be paid jointly and severally with:
NAME of other defendant   CAUSE NUMBER   (Victim Name)   (Amount$)

RJN   Jason Joseph Mazzarese,  98-1-00787-8 _____

[X] The Department of Corrections may immediately issue a Notice of Payroll Deduction.  RCW 9.94A.200010

All payments shall be made in accordance with the policies of the clerk and on a schedule established by the Department of Corrections, commencing immediately, unless the court specifically sets forth the rate here:  Not less than $ ___TBD___ per month-commencing _____TBD_____.
RCW 9.94A.145

[ ] In addition to the other costs imposed herein the Court finds that the defendant has the means to pay for the cost of incarceration and is ordered to pay such costs at the statutory rate.  RCW 9.94A.145

[X] The defendant shall pay the costs of services to collect unpaid legal financial obligations.  RCW 10.73

The financial obligations imposed in this judgment shall bear interest from the date of the Judgment until payment in full, at the rate applicable to civil judgments.  RCW 10.82.090.  An award of costs on appeal against the defendant may be added to the total legal financial obligations.  RCW 10.73

4.2  [ ] HIV TESTING.  The Health Department or designee shall test and counsel the defendant for HIV as soon as possible and the defendant shall fully cooperate in the testing.  RCW 70.24.340

Provided further the results of the HIV test are to be confidential but are to be provided to the victim, prosecuting attorney, community corrections officer and the public defender as necessary.

[ ] DNA TESTING.  The defendant shall have a blood sample drawn for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing.  The appropriate agency, the county of Department of Corrections, shall be responsible for obtaining the sample prior to the defendant's release from confinement.  RCW 43.43.754

4.3  The defendant shall not use, own, or possess firearms or ammunition while under the supervision of the Department of Corrections.  RCW 9.94A.120

4.4  The Defendant shall not have contact with _____ _____ (name, DOB) including, but not limited to, personal, verbal, telephonic, written or contact through a third party for ____ years (not to exceed the maximum statutory sentence.)

[ ] Domestic Violence Protection Order or Anti-Harassment Order is attached as Appendix 4.4.

4.5  OTHER _____

_____

EXHIBIT 2          Hines Convictions 16

4.6  **CONFINEMENT OVER**        **EAR.**  The defendant is        .ced as follows:

(a)  **CONFINEMENT.**  RCW 9.94A.400.  Defendant is sentenced to the following term of total confinement in the custody of the Department of Corrections:

_____43____  (days) (months) on Count No. ___I___;

_____  (days) (months) on Count No. _____;

_____  (days) (months) on Count No. _____.

Actual number of months of total confinement ordered is: __43____

(Add mandatory firearm or deadly weapons enhancement time to run consecutively to other counts, see Section 2.3, Sentencing Data, above).

[ ]  All counts shall be served concurrently, except for the portion of those counts for which there is a special finding of a firearm or other deadly weapon as set forth above at Section 2.3, and the following which shall be served consecutively: _____

_____.

[X]  The sentence herein shall run consecutively with the sentence in cause number(s)_____

but concurrently to any other felony cause not referred to in this Judgment.  RCW 9.94A.400.  Confinement shall commence immediately unless otherwise set forth here:  DEFENDANT MUST REPORT TO SPOKANE Co JAIL BY AUGUST 14 1998 BEFORE 6:00 P.M.

(b)  The defendant shall receive credit for time served prior to sentencing if that confinement was solely under this cause number.  RCW 9.94A.120.  The time served shall be computed by the jail unless the credit for time served prior to sentencing is specifically set forth by the court:____6 DAYS_____

_____.

4.7  **COMMUNITY PLACEMENT AND COMMUNITY CUSTODY.**  RCW 9.94A.120.  Community placement is ordered for a community placement eligible offense (e.g., sex offense, serious violent offense, second degree assault, any crime against a person with a deadly weapon finding, Chapter 69.50 or 69.52 RCW offense), or community custody is ordered to follow work ethic camp if it is imposed, and standard mandatory conditions are ordered.  Community Placement is ordered for _____.
The defendant shall:  (1) report to and be available for contact with the assigned community corrections officer as directed; (2) work at Department of Corrections-approved education, employment and/or community service; (3) not consume controlled substances except pursuant to lawfully issued prescriptions; (4) not unlawfully possess controlled substances while in community custody; (5) pay supervision fees as determined by the Department of Corrections.  The residence location and living arrangements are subject to the prior approval of the Department of Corrections while in community placement or community custody.

_____[ ] See additional pg for other conds of sent)

[ ]   The defendant shall not consume any alcohol.

[ ]   Defendant shall have no contact with:_____
      _____.

[ ]   Defendant shall remain [ ] within [ ] outside of a specified
      geographical boundary, to wit: _____
      _____.

[ ]   The defendant shall participate in the following crime-related
      treatment or counseling services:_____
      _____
      _____.

[ ]   The defendant shall comply with the following crime-related
      prohibitions:_____
      _____.

[ ]   Other conditions:_____
      _____
      _____

4.8 [ ]   **WORK ETHIC CAMP.** RCW 9.94A.137, RCW 72.09.410. The court finds
          that defendant is eligible and is likely to qualify for work ethic
          camp and the court recommends that the defendant serve the sentence
          at a work ethic camp. If the defendant successfully completes work
          ethic camp, the department shall convert the period of work ethic
          camp confinement at the rate of one day of work ethic camp to three
          days of total standard confinement. Upon completion of work ethic
          camp, the defendant shall be released on community custody for any
          remaining time of total confinement, subject to the conditions of
          community custody. Violation of the conditions of community
          custody may result in a return to total confinement for the balance
          of the defendant's remaining time of total confinement. The
          conditions of community custody are stated above in Section 4.7.

4.9 **OFF LIMITS ORDER** (known drug trafficker) RCW 10.66.020. The following
    areas are off limits to the defendant while under the supervision of the
    County Jail or Department of Corrections:_____
    _____
    _____.

                                        [ ] See additional pg for other conds of sent)

## V.  NOTICES AND SIGNATURES

5.1  **COLLATERAL ATTACK ON JUDGMENT.**  Any petition or motion for collateral attack on this judgment and sentence, including but not limited to any personal restraint petition, state habeas corpus petition, motion to vacate judgment, motion to withdraw guilty plea, motion for new trial or motion to arrest judgment, must be filed within one year of the final judgment in this matter, except as provided for in RCW 10.73.100.  RCW 10.73.090

5.2  **LENGTH OF SUPERVISION.**  The defendant shall remain under the court's jurisdiction and the supervision of the Department of Corrections for a period up to ten years from the date of sentence or release from confinement, whichever is longer, to assure payment of all legal financial obligations.  RCW 9.94A.145.

5.3  **NOTICE OF INCOME-WITHHOLDING ACTION.**  If the court has not ordered an immediate notice of payroll deduction in paragraph 4.1, you are notified that the Department of Corrections may issue a notice of payroll deduction without notice to you if you are more than 30 days past due in monthly payments in an amount equal to or greater than the amount payable for one month.  RCW 9.94A.200010.  Other income-withholding action under RCW 9.94A may be taken without further notice.  RCW 9.94A.200030

5.4  **RESTITUTION HEARING.**
      [  ] Defendant waives any right to be present at any restitution hearing (sign initials):_____

5.5  Any violation of this Judgment and Sentence is punishable by up to 60 days of confinement per violation.  RCW 9.94A.200

**Cross off if not applicable:**

5.6  **FIREARMS.**  You may not own, use or possess any firearm unless your right to do so is restored by a court of record.  (The court clerk shall forward a copy of the defendant's driver's license, identicard, or comparable identification, to the Department of Licensing along with the date of conviction or commitment).  RCW 9.41.040, 9.41.047

5.8.  OTHER: _____

_____

_____

_____

       DONE in Open Court in the presence of the defendant this __14th__ day of

_____July_____,1998.

                                      JUDGE

                      Print name: _Richard W. Miller_


SHANE D. SMITH         CHRISTIAN J. PHELPS      PAUL EDWARD HINES
Deputy Prosecuting Attorney  Attorney for Defendant   Defendant
WSBA # 25196          WSBA# _25790_


Translator signature/Print name:_____

I am a certified interpreter of, or the court has found me otherwise
qualified to interpret, the_____language, which the
defendant understands.  I translated this Judgment and Sentence for the
defendant into that language.

---

JUDGMENT AND SENTENCE (Felony)

(RCW 9.94A.110, .120)(WPF CR 84.0400 (7/95))

EXHIBIT 2

Page __9__

Hines Convictions 20

CAUSE NUMBER of this case: 98-1-00786-0.

I,_____, Clerk of this Court, certify that the foregoing is a  full, true and correct copy of the Judgment and Sentence in the above-entitled action, now on record in this office.

WITNESS my hand and seal of the said Superior Court affixed this date:

_____.

Clerk of said County and State, by:_____, Deputy Clerk

## IDENTIFICATION OF DEFENDANT

SID No. 013200147          Date of Birth ▓▓▓▓▓▓

    (If no SID take fingerprint card for State Patrol)

FBI No. 984175HA3                    Local ID No. 0252830

PCN No.                              Other

Alias name _____, SSN ▓▓▓▓▓  DOB ▓▓▓▓▓▓

**Race:**                                    **Ethnicity:**          **Sex:**

[ ] Asian/          [ ]Black/      [ ]          [ ] Hispanic    [ ] Male
Pacific             African-     Caucasian
Islander            American

[ ] Native          [ ]Other:_____       [ ] Non-        [ ] Female
American                                        hispanic

**FINGERPRINTS**  I attest that I saw the same defendant who appeared in Court on this document affix his or her fingerprints and signature thereto.

Clerk of the Court:   THOMAS R. FALLQUIST, County Clerk     , Deputy Clerk.  Dated:  7/14/98

DEFENDANT'S SIGNATURE: _Paul M_____

| Left 4 fingers taken simultaneously | Left Thumb | Right Thumb | Right 4 fingers taken simultaneously |
|---|---|---|---|



JUDGMENT AND SENTENCE (Felony)

(RCW 9.94A.110, .120)(WPF CR 84.0400 (7/95))          Page  10

EXHIBIT 2                              Hines Convictions 21

51 mths

SUPERIOR COURT OF WASHINGTON
COUNTY OF SPOKANE

| | |
|---|---|
| STATE OF WASHINGTON, Plaintiff, | NO.   98-1-00786-0 |
| v. | PA#   98-9-97773-0<br>RPT#  02-98-78603<br>RCW   9A.52.030-F (#17711) |
| PAUL EDWARD HINES, | **AMENDED** |
| Defendant. | **JUDGMENT AND SENTENCE** (JS)<br>[X] Prison |
| SID: 013200147 | [ ] Persistent Offender<br>[ ] Jail One Year or Less<br>[ ] First Time Offender<br>[ ] Special Sexual Offender<br>    Sentencing Alternative<br>[ ] Special Drug Offender Sentencing<br>    Alternative |

**FILED**

JAN 1 2 2000

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

mf 1-14-2000
mf 1-19-2000

## I.  HEARING

1.1  A sentencing hearing was held and the defendant, the defendant's lawyer and the deputy prosecuting attorney were present.

## II.  FINDINGS

There being no reason why judgment should not be pronounced, the Court FINDS:

2.1  CURRENT OFFENSE(S):  The defendant was found guilty on  7-14-98

by [X] plea   [ ] jury verdict   [ ] bench trial of:

Count No.: I    Crime: **SECOND DEGREE BURGLARY**
                RCW  9A.52.030-F (#17711)
                Date of Crime **March 25, 1998**
                Incident No.  02-98-78603

40

Count No.:      Crime:
                RCW
                Date of Crime
                Incident No.

Count No.:      Crime:
                RCW
                Date of Crime
                Incident No.

COURT COST 110.00
VICTIM ASSESS 500.00
RESTITUTION 434.56
FINE
DRUG FUND
ATTY FEES
SHERIFF
OTHER COST

as charged in the Information

[ ]  Additional current offenses are attached in Appendix 2.1

[ ]  A special verdict/finding for use of **a firearm** was returned on Count(s) _____.  RCW 9.94A.125, .310

[ ]  A special verdict/finding for use of **a deadly weapon other than a firearm** was returned on Count(s) _____.  RCW 9.94A.125, .310

[ ]  A special verdict/finding of **sexual motivation** was returned on Count(s) _____.  RCW 9.94A.127

[ ]  A special verdict/finding for **Violation of the Uniform Controlled**

JUDGMENT AND SENTENCE (Felony) (JS)
(RCW 9.94A.110,.120)(WPF CR 84.0400 (6/97))

009 0028744

EXHIBIT 2

Page 1

Hines Convictions 22

**Substances**     was returned on Count(s)___  _____, RCW
69.50.401 and RCW 69.50.435, taking place in a school, school bus,
within 1000 feet of the perimeter of a school grounds or within 1000
feet of a school bus route stop designated by the school district; or
in a public park, in a public transit vehicle, or in a public transit
stop shelter; or in, or within 1000 feet of the perimeter of, a civic
center designated as a drug-free zone by a local government
authority, or in a public housing project designated by a local
governing authority as a drug-free zone.

[ ]   The defendant was convicted of **vehicular homicide** which was
proximately caused by a person driving a vehicle while under the
influence of intoxicating liquor or drug or by the operation of a
vehicle in a reckless manner and is therefore a violent offense. RCW
9.94A.030

[ ]   This case involves **kidnapping** in the first degree, kidnapping in the
second degree, or unlawful imprisonment as defined in chapter 9A.40
RCW, where the victim is a minor and the offender is not the minor's
parent.  RCW 9A.44.130.

[ ]   The court finds that the offender has a **chemical dependency** that has
contributed to the offense(s).  RCW 9.94A._____.

[ ]   Current offenses encompassing the same criminal conduct and counting
as one crime in determining the offender score are (RCW 9.94A.400):

[ ]   Other current convictions listed under different cause numbers used
in calculating the offender score are (list offense and cause
number):

2.2   **CRIMINAL HISTORY:** (RCW 9.94A.360):

| Crime | Date of Crime | Crime Type | Adult or Juv | Place of Conviction | Sent. Date |
|-------|---------------|------------|--------------|---------------------|------------|

SEE PAGE 3 OF THIS DOCUMENT

[ ]   Additional criminal history is attached in Appendix 2.2

[ ]   The defendant committed a current offense while on community
placement (adds one point to score).  RCW 9.94A.360

EXHIBIT 2                Hines Convictions 23

| CRIME | DATE OF CRIME | CRIME TYPE | ADULT OR JUVENILE | COUNTY OF CONVICTION | SENT. DATE |
|---|---|---|---|---|---|
| BURGLARY 2 | 1-22-86 | NV | JUVENILE | YAKIMA | 3-3-86 |
| BURGLARY 2 * | 3-8-86 | NV | JUVENILE | YAKIMA | 5-15-86 |
| BURGLARY 2 * | 2-10-86 | NV | JUVENILE | YAKIMA | 5-15-86 |
| BURGLARY 2 * | 2-21-86 | NV | JUVENILE | YAKIMA | 5-15-86 |
| BURGLARY 2 * | 2-22-86 | NV | JUVENILE | YAKIMA | 5-15-86 |
| BURGLARY 2 * | 3-1-86 | NV | JUVENILE | YAKIMA | .5-15-86 |
| BURGLARY 2 * | 3-3-86 | NV | JUVENILE | YAKIMA | 5-15-86 |
| BURGLARY 2 * | 3-8-86 | NV | JUVENILE | BENTON | 5-15-86 |
| PCS-COCAINE | 1-15-88 | NV | ADULT | YAKIMA | 4-8-88 |
| BURGLARY 2 | 2-20-89 | NV | ADULT | G. HARBOR | 6-14-89 |
| BURGLARY 2 | 2-22-89 | NV | ADULT | G. HARBOR | 6-14-89 |
| BURGLARY 2 | 2-18-89 | NV | ADULT | G. HARBOR | 6-14-89 |
| BURGLARY 2 | 2-7-89 | NV | ADULT | G. HARBOR | 6-14-89 |
| BURGLARY 2 | 2-22-89 | NV | ADULT | G. HARBOR | 6-14-89 |
| BURGLARY 2 | 2-20-89 | NV | ADULT | G. HARBOR | 6-14-89 |

EXHIBIT 2                                    Hines Convictions 24

[ ] The court fi    that the following prior    rictions are one
offense for purposes of determining the offender score (RCW
9.94A.360):


[ ] The following prior convictions are not counted as points but as
enhancements pursuant to RCW 46.61.520:

EXHIBIT 2

2.3   **SENTENCING D   :**

| CT NO | OFFENDER SCORE | SERIOUSNESS LEVEL | STANDARD RANGE (not including enhancements) | Plus enhancements* | Total STANDARD RANGE (including enhancements) | MAXIMUM TERM |
|-------|---------------|-------------------|---------------------------------------------|---------------------|-----------------------------------------------|--------------|
| I | "15" | III | 51-68 months | N/A | 51-68 months | 10 years, $20,000 |
| | | | | | | |

* Firearm (F), other deadly weapon finding (D), VUCSA (V) in a protected zone and (VH) Vehicular Homicide, see RCW 46.61.520.

[ ]   Additional current offense sentencing data in Appendix 2.3

2.4   [ ]  **EXCEPTIONAL SENTENCE:**  Substantial and compelling reasons exist which justify an exceptional sentence [ ] above [ ] within [ ] below the standard range for Count(s)_____. Findings of fact and conclusions of law are attached in Appendix 2.4.  The Prosecuting Attorney [ ] did [ ] did not recommend a similar sentence.

2.5   **ABILITY TO PAY LEGAL FINANCIAL OBLIGATIONS.**  The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change.  The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein.  RCW 9.94A.142

    [ ]   The following extraordinary circumstances exist that make restitution inappropriate (RCW 9.94A.142):_____

        _____

        _____

        _____

2.6   For violent offenses, most serious offenses, or armed offenders recommended sentencing agreements or plea agreements are

    [ ] attached or [ ] as follows_____

        _____

        _____

### III.  JUDGMENT

3.1   The defendant is **GUILTY** of the Counts and Charges listed in paragraph 2.1 and Appendix 2.1

3.2   [X]   The Court **DISMISSES** Counts II OF AMENDED INFORMATION

    [ ]   The defendant is found **NOT GUILTY** of Counts _____

IV.    SENTENCE AND ORD

**IT IS ORDERED:**
4.1    Defendant shall pay to the Clerk of the Court

|  |  |  |
|---|---|---|
| | $ 434.56 | Restitution to: HEPLING'S FARM SUPPLY |
| JASS CODE | $_____ | Restitution to: _____ |
| RTN/RJN | $_____ | Restitution to: _____ |

(Name and Address-address may be withheld and provided confidentially to Clerk's Office)

| | | |
|---|---|---|
| PCV | $500.00 | Victim Assessment RCW 7.68.035 |
| CRC | $110.00 | Court costs, including: RCW 9.94A.030, 9.94A.120, 10.01.160, 10.46.190 |

Criminal Filing fee $_____    FRC

Witness costs $_____    WFR

Sheriff service fees $_____    SFR/SFS/SFW/SRF

Jury demand fee $_____    JFR

Other _____ $_____

| | | |
|---|---|---|
| PUB | $_____ | Fees for court appointed attorney RCW 9.94A.030 |
| WRF | $_____ | Court appointed defense expert and other defense costs RCW 9.94A.030 |
| FCM/MTH | $_____ | Fine RCW 9A.20.021; [ ] VUCSA additional fine deferred due to indigency RCW 69.50.430 |
| CDF/LDI/ FCD/NTF/SAD/SDI | $_____ | Drug enforcement fund of _____ RCW 9.94A.030 |
| CLF | $_____ | Crime lab fee [ ] deferred due to indigency RCW 43.43.690 |
| EXT | $_____ | Extradition costs RCW 9.94A.120 |
| | $_____ | Emergency response costs (Vehicular Assault, Vehicular Homicide only, $1,000 maximum) RCW 38.52.430 |
| | $_____ | Other costs for: _____ |

$ 1044.56    **TOTAL** RCW 9.94A.145

[ ]    The above total does not include all restitution or other legal financial obligations, which may be set by later order of the court. An agreed restitution order may be entered.  RCW 9.94A.142.  A restitution hearing:
[ ]    shall be set by the prosecutor
[ ]    is scheduled for _____

[X]  **RESTITUTION.**  Schedule attached, Appendix 4.1

[X]  Restitution ordered above shall be paid jointly and severally with:

| NAME of other defendant | CAUSE NUMBER | (Victim Name) | (Amount$) |
|---|---|---|---|
| Jason Joseph Mazzarese | 98-1-00787-8 | Hepling's Farm Supply | $43456 |

RJN

[X]  The Department of Corrections may immediately issue a Notice of Payroll Deduction.  RCW 9.94A.200010

[X]  All payments shall be made in accordance with the policies of the clerk and on a schedule established by the Department of Corrections, commencing immediately, unless the court specifically sets forth the rate here:  Not less than $ _____ _TBD_ per month commencing _____TBD_____.  RCW 9.94A.145

[ ]  In addition to the other costs imposed herein the Court finds that the defendant has the means to pay for the cost of incarceration and is ordered to pay such costs at the statutory rate.  RCW 9.94A.145

[X]  The defendant shall pay the costs of services to collect unpaid legal financial obligations.  RCW 36.18.190

[X]  The financial obligations imposed in this judgment shall bear interest from the date of the Judgment until payment in full, at the rate applicable to civil judgments.  RCW 10.82.090.  An award of costs on appeal against the defendant may be added to the total legal financial obligations.  RCW 10.73

4.2  [ ]  HIV TESTING.  The Health Department or designee shall test and counsel the defendant for HIV as soon as possible and the defendant shall fully cooperate in the testing.  RCW 70.24.340

[ ]  DNA TESTING.  The defendant shall have a blood sample drawn for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing.  The appropriate agency, the county or Department of Corrections, shall be responsible for obtaining the sample prior to the defendant's release from confinement.  RCW 43.43.754

4.3  The Defendant shall not have contact with _____ _____(name, DOB) including, but not limited to, personal, verbal, telephonic, written or contact through a third party for _____ years (not to exceed the maximum statutory sentence.)

[ ]  Domestic Violence Protection Order or Anti-Harassment Order is attached as Appendix 4.3.

4.4  **OTHER** _____

_____

4.5  **CONFINEMENT OVER O    YEAR.**  The defendant is sen    ced as follows:

(a)  **CONFINEMENT.**  RCW 9.94A.400.  Defendant is sentenced to the following term of total confinement in the custody of the Department of Corrections:

_____51_____ (~~days~~) (months) on Count No. ___I___ ;

_____ (days) (months) on Count No. _____ ;

_____ (days) (months) on Count No. _____ .

Actual number of months of total confinement ordered is: _____
_____51_____ (Add mandatory firearm or deadly weapons enhancement time to run consecutively to other counts, see Section 2.3, Sentencing Data, above).

All counts shall be served concurrently, except for the portion of those counts for which there is a special finding of a firearm or other deadly weapon as set forth above at Section 2.3, and except for the following counts which shall be served consecutively: _____

_____ .

The sentence herein shall run consecutively with the sentence in cause

number(s)_____but concurrently to any other felony cause not referred to in this Judgment.  RCW 9.94A.400.

Confinement shall commence immediately unless otherwise set forth here:

_____

_____ .

(b)  The defendant shall receive credit for time served prior to sentencing if that confinement was solely under this cause number. RCW 9.94A.120. The time served shall be computed by the jail unless the credit for time served prior to sentencing is specifically set forth by the court:_____
_____AS DETERMINED BY DEPARTMENT OF CORRECTIONS._____ .

4.6  [ ]  **COMMUNITY PLACEMENT** is ordered on Counts _____ for _____ months.

[ ]  **COMMUNITY CUSTODY** is ordered on Counts _____ for _____ months or for the period of earned release awarded pursuant to RCW 9.94A.150(1) and (2), whichever is longer, and standard mandatory conditions are ordered. [See RCW 9.94A.120(9) for community placement offenses-- serious violent offense, second degree assault, any crime against a person with a deadly weapon finding, Chapter 69.50 or 69.52 RCW offense. Community custody follows a term for a sex offense--RCW 9.94A.120(10). Use paragraph 4.7 to impose community custody following work ethic camp.]
While on community placement or community custody, the defendant shall: (1) report to and be available for contact with the assigned community corrections officer as directed; (2) work at Department of Corrections- approved education, employment and/or community service; (3) not consume controlled substances except pursuant to lawfully issued prescriptions; (4) not unlawfully possess controlled substances while in community custody; (5) pay supervision fees as determined by the Department of

EXHIBIT 2                Hines Convictions 29

Corrections. i) perform affirmative acts essary to monitor compliance with the orders of the court as required by the Department of Corrections. The residence location and living arrangements are subject to the prior approval of the Department of Corrections while in community placement or community custody. Community custody for sex offenders may be extended for up to the statutory maximum term of the sentence. Violation of community custody imposed for a sex offense may result in additional confinement.

[ ] The defendant shall not consume any alcohol.

[ ] Defendant shall have no contact with:_____

_____

_____.

[ ] Defendant shall remain [ ] within [ ] outside of a specified

geographical boundary, to wit: _____

_____

_____.

[ ] The defendant shall participate in the following crime-related

treatment or counseling services:_____

_____

_____.

[ ] The defendant shall comply with the following crime-related

prohibitions:_____

_____

_____.

Other conditions may be imposed by the court or Department during

community custody, or are set forth here:_____

_____

_____

4.7 [ ] **WORK ETHIC CAMP.** RCW 9.94A.137, RCW 72.09.410. The court finds that defendant is eligible and is likely to qualify for work ethic camp and the court recommends that the defendant serve the sentence at a work ethic camp. Upon completion of work ethic camp, the defendant shall be released on community custody for any remaining time of total confinement, subject to the conditions below. Violation of the conditions of community custody may result in a return to total confinement for the balance of the defendant's remaining time of total confinement. The conditions of community custody are stated above in Section 4.6.

4.8 **OFF LIMITS ORDER** (known drug trafficker) RCW 10.66.020. The following areas are off limits to the defendant while under the supervision of the County Jail or Department of Corrections:_____

_____

_____

_____

EXHIBIT 2                    Hines Convictions 30

## V. NOTICES AND SIGNATURE

5.1 **COLLATERAL ATTACK ON JUDGMENT.** Any petition or motion for collateral attack on this judgment and sentence, including but not limited to any personal restraint petition, state habeas corpus petition, motion to vacate judgment, motion to withdraw guilty plea, motion for new trial or motion to arrest judgment, must be filed within one year of the final judgment in this matter, except as provided for in RCW 10.73.100.   RCW 10.73.090

5.2 **LENGTH OF SUPERVISION.**   The defendant shall remain under the court's jurisdiction and the supervision of the Department of Corrections for a period up to ten years, which may be extended up to twenty years from the date of sentence or release from confinement, whichever is longer, to assure payment of all legal financial obligations.   RCW 9.94A.145.

5.3 **NOTICE OF INCOME-WITHHOLDING ACTION.**   If the court has not ordered an immediate notice of payroll deduction in paragraph 4.1, you are notified that the Department of Corrections may issue a notice of payroll deduction without notice to you if you are more than 30 days past due in monthly payments in an amount equal to or greater than the amount payable for one month.   RCW 9.94A.200010.   Other income-withholding action under RCW 9.94A may be taken without further notice.   RCW 9.94A.200030

5.4 **RESTITUTION HEARING.**
[ ]   Defendant waives any right to be present at any restitution hearing (sign initials):_____

5.5 Any violation of this Judgment and Sentence is punishable by up to 60 days of confinement per violation.   RCW 9.94A.200

5.6 **FIREARMS.**  **You must immediately surrender any concealed pistol license and you may not own, use or possess any firearm unless your right to do so is restored by a court of record.**   (The court clerk shall forward a copy of the defendant's license, identicard, or comparable identification, to the Department of Licensing along with the date of conviction or commitment). RCW 9.41.040, 9.41.047.

5.8 **OTHER:** _____

_____

_____

_____


DONE in Open Court in the presence of the defendant this 12th day of
January , ~~1999~~ 2000

_____
JUDGE Print name:

KATHLEEN O'CONNOR
SUPERIOR COURT JUDGE


_____
SHANE D. SMITH
Deputy Prosecuting Attorney
WSBA # 25196

_____
Attorney for Defendant
WSBA#_____

_____
PAUL EDWARD HINES
Defendant


Translator signature/Print name:_____

I am a certified interpreter of, or the court has found me otherwise qualified
to interpret, the_____language, which the defendant
understands. I translated this Judgment and Sentence for the defendant into that
language.

EXHIBIT 2

CAUSE NUMBER of this ca  . 98-1-00786-0.

I,_____, Clerk of this Court, certify that
the foregoing is a  full, true and correct copy of the Judgment and Sentence in
the above-entitled action, now on record in this office.

   WITNESS my hand and seal of the said Superior Court affixed this date:

   _____.

   Clerk of said County and State, by:_____, Deputy Clerk

### IDENTIFICATION OF DEFENDANT

SID No. 013200147            Date of Birth ▮▮▮▮▮▮

   (If no SID take fingerprint card for State Patrol)

FBI No. 984175HA3                   Local ID No. 0252830

PCN No.                                    Other

Alias name , SSN ▮▮▮▮▮▮   DOB ▮▮▮▮▮▮

**Race:**                                           **Ethnicity:**      **Sex:**

[ ]Asian/Pacific    [           [          [ ] Hispanic   [ ] Male
     Islander     ]Black/Afric  ]Caucasian
                   an-
                   American

[ ] Native        [ ]Other:_____      [ ] Non-       [ ] Female
American                                      hispanic

**FINGERPRINTS**  I attest that I saw the same defendant who appeared in Court on
this document affix his or her fingerprints and signature thereto.

Clerk of the Court: _Charlotte Orrow_, Deputy Clerk.

Dated: _1-12-2000_

**DEFENDANT'S SIGNATURE:** _____

| Left 4 fingers taken simultaneously | Left Thumb | Right Thumb | Right 4 fingers taken simultaneously |
|---|---|---|---|

JUDGMENT AND SENTENCE (Felony) (JS)
(RCW 9.94A.110,.120)(WPF CR 84.0400 (6/97))

Page 12

EXHIBIT 2

Hines Convictions 33