Alison K. Guernsey
Meredith B. Esser
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98902
509-248-8920

Attorney for Defendant
Paul Hines

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| | |
|---|---|
| United States of America,<br><br>                      Plaintiff,<br><br>  v.<br><br>Paul Hines,<br><br>                      Petitioner. | No. 2:03-CR-2023-SAB<br><br>**Reply Re: 28 U.S.C. § 2255 Petition to Vacate Sentence and for Immediate Release** |

The Washington second-degree burglary statute is categorically overbroad in two ways: (1) it includes buildings that fall outside of the federal definition and (2) it does not require a "breaking and entering" type entry. Mr. Hines responds to the Government as follows:

**A. As It Pertains to "Building," the Statute is Not Divisible.**

The Government agrees that the Washington second-degree burglary statute is categorically overbroad because it includes buildings that do not fall within the generic definition. *See* ECF No. 146 at 5.

Reply Re: Petition to Vacate Sentence: 1

Thus, with respect to this aspect of over breadth, the *only* contested issue is whether the Court is entitled to employ the modified categorical approach. Mr. Hines's position is that the Court is not entitled to do so.

The U.S. Supreme Court held in *Descamps* that the modified categorical approach is appropriate only when a statute "lists multiple, alternative elements." *Descamps v. United States*, 133 S. Ct. 2276 (2013). If the statute is not divisible, then the inquiry ends at the categorical approach. *See generally id.* The Government argues that because Washington's definitional statute for "building" provides a list of various qualifying structures, the burglary statute is divisible. This evidences a basic misunderstanding of the law. Regardless of whether there are alternative *means* set forth in the statute (for example, as here, different types of structures that qualify as "buildings"), whether a statute is divisible depends on whether the statute sets forth alternative *elements*.

To determine whether the statute articulates elements or merely means, the analysis focuses what the jury needs to find unanimously beyond a reasonable doubt and not the wording of the statute. In Washington, the statute that defines "building" for the purposes of

Reply Re: Petition to Vacate Sentence:  2

second-degree burglary provides multiple types of structures that qualify as buildings, including fenced areas and rail cars. These alternative types of structures present alternative *means* of committing the crime. We know this because, in Washington, jurors need *not* agree on the type of building or structure that forms the basis of a conviction. *See generally State v. Linehan,* 147 Wash.2d 638, 56 P.3d 542 (2002); *State v. Laico*, 987 P.2d 638 (Wash. App. 1999); *State v. Strohm*, 879 P.2d 962 (Wash. App. 1994); *State v. Garvin*, 621 P.2d 215 (Wash. App. 1980). In other words, one juror could find that a defendant burglarized a residence while another could find that the same defendant burglarized the curtilage of the residence (both of which are "buildings" as defined in Washington), and the conviction would still stand. Because whether something is an element of a statute hinges on juror unanimity, *see Rendon v. Holder*, 764 F.3d 1077, 1089 (2014), the definitional statute that the Government claims articulates elements really only articulates means.

    The Government cites several cases in support of its conclusion that the statute is divisible, but the authority is neither binding nor correct. In *United States v. Brooks*, 532 F. App'x 670, 671 (9th Cir. 2013)

Reply Re: Petition to Vacate Sentence:  3

(unpublished), the Ninth Circuit held that Washington second-degree burglary was divisible because the "statute provided a finite list of definitions [of building]." The Court engaged in no analysis of whether the statute contained a list of elements or merely a list of means. And although this case was decided after *Descamps*, it was just five days after, and the *binding* published Ninth Circuit case law since *Brooks* has made clear that you must look not only to whether there is a list of definitions but whether that list contains elements or means. *See United States v. Dixon,* —F.3d—, 2015 WL 7422615 (9th Cir. Nov. 20, 2015); *Rendon*, 764 F.2d at 1089. Thus, in asking this Court to follow an unpublished and non-binding case, the Government is asking that the Court disregard subsequent binding precedent.[1]

The Government's reliance on *Davidson v. McClintock*, No. CV 13–004–TUC–FRZ (DTF), 2015 WL 1469775 (D. Ariz. 2015), where the

---

[1] The Government's reliance on *United States v. Korzybski*, No. 3:09-CR-00132-BR, 2013 WL 6592145, at *5 (D. Or. Dec. 16, 2013), suffers from the same flaws. *Korzybski* was decided pre-*Rendon* and *Dixon* and relies almost exclusively on *Brooks* without engaging in the required means-or-elements divisibility analysis.

Reply Re: Petition to Vacate Sentence: 4

district court determined the Washington burglary statute was divisible is unpersuasive for many of the same reasons. First, it is important to note that Mr. Davidson proceeded pro se and did not have the benefit of legal representation in this complex area. Second, with all due respect, the district court's analysis is incorrect on its face. As the Government highlights, the district court concluded that the Washington statute was divisible because "the definition of building provides alternatives." *Id.* at *4. But this is not the test. There is no analysis in the opinion of whether these "alternatives" are means or elements; there is no discussion of Washington case law interpreting the statute; and there is no analysis of the Washington jury instructions, which clearly do not require unanimity as to the definition of "building." As the Ninth Circuit has made clear in *Rendon*—which *Davidson* fails to cite—and *Dixon*—which was published post-*Davidson*—you must do this analysis in order to determine whether a statute is divisible.

Notably, the Government failed to cite the binding, Ninth Circuit opinion in *Rendon* and attempts to distinguish *Dixon* on the grounds that it "dealt with the crime of robbery." ECF No. 146 at 9. But regardless of the substantive crime of conviction, the analysis *Dixon* is

Reply Re: Petition to Vacate Sentence:  5

the law of the land: "[a] statute is not divisible merely because it is worded in the disjunctive"; rather, the test is whether juror unanimity is required for the particular phrase at issue. *See Dixon*, 2015 WL 7422615, at *11. Because a Washington jury is not required to unanimously agree on the type of building an individual has burglarized, the statute is indivisible and the analysis ends.

In contrast to *Davidson*, both the *Murray* case and the *Summers* case, cited by the defense, engage in the divisibility analysis and an extensive investigation into Washington case law and jury instructions. As noted in Mr. Hines's initial petition, both cases hold that the Washington burglary statute is indivisible and neither the *Summers* nor the *Murray* court conducted a modified categorical analysis.

### B. Washington's Definition of "Unlawful Entry Into or Remaining In" Is Broader than Generic Burglary.

The Government also argues that the "unlawful entry into or remaining" element of the Washington burglary statute "is not materially different from the corresponding element of generic burglary" and so the statute is not overbroad in this respect. Yet the Government has provided no analysis of the corresponding generic elements in either

Reply Re: Petition to Vacate Sentence: 6

its pleading or during oral argument. *See* ECF No. 146 at 6. Respectfully, the Government's categorical analysis is incorrect and relies on outdated legal precedent that was decided prior to *Rendon* and *Dixon*.

The Government is correct in pointing out that the wording of the statutes is substantially similar. Generic burglary requires an "unlawful or unprivileged entry into, or remaining in" a premises. *Taylor v. United States*, 495 U.S. 575, 599 (1990). In Washington, an individual is guilty of burglary "if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building." Rev. Code Wash. § 9A.52.020 (1996). Although on their face these statutes read similarly, the requirements under federal and Washington law are different. Specifically, under *Taylor* and *Descamps*, the federal definition of burglary excludes situations where an individual has a license or privilege to enter a building or structure for a limited purpose, but exceeds that purpose. *See also Descamps*, 133 S. Ct. at 2285 (affirming this portion of *Taylor*).

In contrast, in Washington the phrase "enters or remains unlawfully," includes situations where an individual "receives an

Reply Re: Petition to Vacate Sentence:  7

invitation to the premises which is not expressly qualified as to area or purpose, and commits a crime while on the premises" because "an implied limitation on the scope of the invitation or license may be recognized." *State v. Collins*, 751 P.2d 837, 838 (1988).

For example, if an individual enters a drug store during business hours, and shoplifts something of value from that store, that individual would be guilty of burglary in Washington but not guilty of federal burglary. Such situations, however, are not included within *Taylor*'s generic definition because the "implied limitation" aspect of the Washington burglary statute does not apply to federal generic burglary.

In fact, in light of *Collins*, just last year the Ninth Circuit recognized that Washington burglary sweeps broader than the generic definition and is *not* a categorical match. *See United States v. Wilkinson*, 589 F. App'x 348, 350 (9th Cir. 2014) (unpublished) ("Section 9A.52.025 is broader than generic burglary because it does not require 'an unlawful entry along the lines of breaking and entering.'").

Furthermore, this aspect of the burglary statute is also not divisible so the analysis ends at the categorical approach. Again, the touchstone of divisibility is juror unanimity, and in Washington "[t]he

Reply Re: Petition to Vacate Sentence:  8

two means of committing a burglary — unlawful entry and unlawful remaining — are not generally repugnant and, therefore, jury unanimity as between them is not required." Wash. Pattern Jury Instru. 65.02. Mr. Hines's burglary convictions thus fail to qualify as violent felonies in light of the over breadth and indivisibility of this unlawful entry requirement as well.

### C. Even Assuming Divisibility Mr. Hines's Convictions Are Not Violent Felonies Under the Modified Categorical Approach.

Assuming for the sake of argument that the statute is divisible with respect to both challenged aspects (building and unlawful entry), the modified categorical approach still does not save the Government. As the U.S. Supreme Court has admonished, the modified categorical approach "merely helps implement the categorical approach." *Descamps*, 136 S. Ct. at 2281. The modified categorical approach is best envisioned "as a tool" that "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Id*. In other words, the modified categorical approach allows the Court to consult *Shepard* documents solely for the purpose of identifying the statutory elements that make up the offense of conviction. *See id*. The

Reply Re: Petition to Vacate Sentence:  9

Court then must apply the categorical approach to the statutory elements that formed the basis of conviction as identified in the *Shepard* documents. *Id.*

Turning to the instant case, if the Court gets to the modified categorical approach with respect to the unlawful-entry requirement, then Mr. Hines agrees that the conviction documents are sufficient to narrow his burglary to the generic definition because he admitted to unlawfully entering, and a Washington unlawful entry is the equivalent of a "breaking and entering" within the meaning of *Taylor*.

But the analysis does not end there because the Court would still be required to employ the modified categorical approach with respect to the "building" requirement, and the conviction documents do not narrow the basis of Mr. Hines's conviction to the federal, generic elements. Looking at the documents that the Government has submitted, of paramount importance is that fact that the informations include the word "building." But the Government has already conceded that the word "building"—by explicit definition in Washington law—includes structures not included in the federal definition. And there is no additional information in the conviction records from which the Court

Reply Re: Petition to Vacate Sentence:  10

can conclude that the elements of Mr. Hines's convictions were a match for federal burglary.

Turning to the information in Mr. Hines' 1989 Washington case, the Government argued today that the use of the word "housing" (as used in the phrase "building housing Misty's restaurant") implies that the building in this case was *not* a fenced area or rail car—and therefore fits the federal definition of burglary. But this argument does not make sense in this context. The word "building" is a legal term of art that contains within it all of the alternatives previously cited, including those not covered by federal law. Conceivably, Mr. Hines could have taken something from the "fenced area housing Misty's restaurant" and still be convicted of the crime charged in this information. *Id*. The same analysis holds for all of the other burglaries for which the Government provided documents. Accordingly, Mr. Hines' burglary convictions cannot be considered predicate offenses under the ACCA because even assuming the Court can consult the *Shepard* documents, those documents fail to narrow Mr. Hines's elements of conviction to those that match the federal definition.

Reply Re: Petition to Vacate Sentence: 11

In conclusion, Mr. Hines's Washington burglary convictions are not violent felonies. The Washington burglary statute is overbroad with respect to the unlawful entry and the building requirements. The statute is likewise indivisible. Because the statute is both overbroad and indivisible *Descamps* dictates that the analysis ends, and Mr. Hines must be ordered released. In the alternative, however, even assuming that the statute is divisible, the conviction documents in the record fail to narrow the elements of Mr. Hines's conviction to the federal generic crime, and Mr. Hines still must be immediately released.

//

Dated:  December 9, 2015.

> By s/ Alison K. Guernsey
> Alison K. Guernsey,
> NY 4667366
>
> s/Meredith B. Esser
> Meredith B. Esser,
> NY 822561
> Federal Defenders of Eastern Washington and Idaho
> 306 East Chestnut Avenue
> Yakima, Washington 98901
> (509) 248-8920
> Alison_Guernsey@fd.org
> Meredith B. Esser@fd.org

Reply Re: Petition to Vacate Sentence:  12

## Certificate of Service

I hereby certify that on December 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Ian L. Garriques, Assistant United States Attorney.

<u>s/ Alison K. Guernsey</u>
Alison K. Guernsey