UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PAUL E. HINES,<br><br>    Defendant. | No. 2:03-cr-02023-SAB<br><br>**ORDER GRANTING**<br>**28 U.S.C. § 2255 PETITION TO**<br>**VACATE SENTENCE AND FOR**<br>**IMMEDIATE RELEASE** |

On December 9, 2015, the Court held a hearing on Petitioner's 28 U.S.C. § 2255 Petition to Vacate Sentence and for Immediate Release. ECF No. 138. The Government was represented by Ian Garriques, the defendant was represented by Meredith B. Esser and Alison K. Guernsey. Petitioner was not present. *See* Fed. R. Crim. P. 43.

In 2003, Petitioner was convicted on one count of Felon in Possession of Firearm, 18 U.S.C. § 922(g)(1), and one count of False Statement in Acquisition of Firearm, § 922(a)(6). Each of those crimes normally carries a statutory maximum sentence of ten years imprisonment. Petitioner had previous convictions for Second Degree Burglary in Washington which were determined to be qualifying offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). Under the ACCA sentencing enhancement, Petitioner was sentenced to the mandatory minimum of fifteen years imprisonment.

**ORDER GRANTING 28 U.S.C. § 2255 PETITION TO**
**VACATE SENTENCE AND FOR IMMEDIATE RELEASE # 1**

Petitioner brings this successive petition for habeas corpus alleging that—in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015)—he is actually innocent of the ACCA enhancement and has served a sentence in excess of the ten-year maximum sentence that would have been applicable absent the enhancement. For purposes of this Petition, the Government concedes the Petition is properly before the court procedurally.

## *Analysis*

Under 28 U.S.C. § 2255, a prisoner in custody pursuant to a judgment and sentence imposed by a federal court, who claims the right to be released because his sentence was imposed in violation of the Constitution of laws of the United States, or that the sentence was in excess of the maximum authorized by law, may move the court that imposed the sentence to vacate, set aside, or correct the sentence.

To determine whether the ACCA enhancement applies to Petitioner in light of the Supreme Court's recent decision in *Johnson*—which held a portion of the ACCA was unconstitutional—the Court must determine if Petitioner's previous convictions for Second Degree Burglary constitute "violent felon[ies]." The Court begins with the "categorical approach" where it must compare the elements of the Second Degree Burglary statute to the "generic crime" of burglary. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, the elements of the generic offense. *Id*. In other words, if any conduct that could be prohibited by the state statute would always also be prohibited by the generic offense, then the state statute is a categorical match. If conduct could be illegal under the state statute but not covered by the generic offense, there is no categorical match.

If the prior convictions are not a categorical match, the Court must determine if the state statute is divisible or indivisible. If the statute is divisible,

**ORDER GRANTING 28 U.S.C. § 2255 PETITION TO
VACATE SENTENCE AND FOR IMMEDIATE RELEASE #** 2

the Court applies the "modified categorical approach." *Id*. at 2281-82. The modified categorical approach allows the sentencing court to consult a limited set of documents—such as jury instructions and indictments—to determine which portion of the divisible statute the defendant was actually convicted under. *Id*.

Here, the Washington state second degree burglary statute is at issue. The former RCW 9A.52.030(1), stated: "[a] person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle." *State v. Deitchler*, 75 Wash. App. 134, 136 (*quoting* former RCW 9A.52.030(1)). The relevant definitions statute provides:

> "Building," in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying of business therein, or for the use, sale, or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building."

RCW 9A.04.110. Generic burglary, or the federal definition of burglary, includes "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. *Descamps*, 133 S. Ct. at 2283.

Both the Petitioner and the United States concur that Washington's second degree burglary statute, as it was when Petitioner was convicted, is not a categorical match with generic burglary—the Court agrees. The state burglary statute is not a categorical match because it encompasses physical areas that are not covered under generic burglary. For instance, the state statute covers "fenced area[s] . . . railway car[s], [and] cargo containers," whereas the generic definition does not include those types of spaces. *United States v. Wenner*, 351 F.3d 969, 972-73 (9th Cir. 2003); *see also Taylor v. United States*, 495 U.S. 575, 990-95 (1990).

Next, the Court must determine if the Washington statute is divisible, and, if so, apply the modified categorical approach to determine whether

**ORDER GRANTING 28 U.S.C. § 2255 PETITION TO**
**VACATE SENTENCE AND FOR IMMEDIATE RELEASE # 3**

Petitioner's prior convictions constitute predicates for the ACCA enhancement. *See Descamps*, 2276 S. Ct. at 2281-82. A statute is divisible when it contains alternative elements. *Id*. at 2285. The Court of Appeals for the Ninth Circuit recently expounded upon the test to determine whether a statute is divisible in *Rendon v. Holder*. 764 F.3d 1077 (2014). In *Rendon*, the Court of Appeals explained "while indivisible statutes may contain multiple, alternative means of committing the crime, only divisible statutes contain multiple alternative elements of functionally separate crimes." *Id*. at 1085. A statute that refers to multiple alternative means of commission is still indivisible if the jurors need not agree on which method of committing the offense the defendant performed. *Id*. In other words, if a statute prohibited "taking or keeping" an item, the statute would be divisible if all jurors had to agree on the issue of whether the defendant took the item or whether he kept the item. By contrast, the same statute would be indivisible if a jury could convict a defendant so long as each juror agreed the defendant did one or the other—that is, if nine jurors believed the defendant took the item, while the remaining three jurors believed the defendant kept the item. The Court of Appeals recently reiterated this distinction in *United States v. Dixon*. 805 F.3d 1193 (Nov. 20, 2015).

　　　　Here—as noted above—the portion of the state statute that exceeds the generic definition of burglary is what constitutes a building. Thus, the Court must analyze whether the alternative state definitions of building are means of committing the crime or alternative elements of a crime. At first blush, the statute appears to be indivisible, containing alternative means of committing the crime, because the overbroad portions of state law is contained in a separate definitional statute rather than contained within the burglary statute itself. *See* RCW 9A.04.110; former RCW 9A.52.030(1). Indeed, in Washington, "[d]efinition statutes do not create additional

**ORDER GRANTING 28 U.S.C. § 2255 PETITION TO**
**VACATE SENTENCE AND FOR IMMEDIATE RELEASE #** 4

alternative means of committing an offense." *State v. Linehan*, 147 Wash.2d. 638, 646 (2002) (internal citations omitted). Similarly, the Washington Pattern Jury Instructions do not require a jury to agree on what type of building was entered or unlawfully remained in. 11A Wash. Prac., Pattern Jury Instr. Crim. WPIC 60.04 (3d Ed). Therefore, the Washington statute contains alternative means rather than alternative elements.

The United States cites *United States v. Brooks* to argue the Washington statute is divisible. 532 F. App'x 670, 671 (9th Cir. June 25, 2013). This argument is uncompelling for three reasons. First, although *Brooks* was decided after *Descamps*, it did not properly apply *Descamps*. *Brooks* was decided just five days after the Supreme Court's *Descamps* decision. Though the Court of Appeals cited *Descamps* and applied the modified categorical approach, the Court neglected to analyze the divisibility of the statute at all. Second, *Brooks* was decided before the Court of Appeals clearly elucidated the divisibility test in *Rendon* and *Dixon*. Because the test had not been so clearly announced at the time of the *Brooks* decision, it is unclear if the Court of Appeals would still apply the modified categorical approach to the statute today. Last, *Brooks* was an unpublished decision. Under Ninth Circuit Rule 36-3, the case is not precedent and should not be cited to any court in the circuit with few exceptions not applicable here.

Applying *Rendon* and *Dixon*, it is clear the Washington Second Degree Burglary statute, former RCW 9A.52.030(1), is indivisible and the modified categorical approach cannot be applied. Because the state statute is not a categorical match to the generic crime of burglary and because the statute is indivisible, the state crime cannot be considered a predicate "violent felony" under the enumerated clause of the ACCA. Post-*Johnson*, the Washington burglary statute cannot be an ACCA-predicate under the

**ORDER GRANTING 28 U.S.C. § 2255 PETITION TO VACATE SENTENCE AND FOR IMMEDIATE RELEASE** # 5

so-called residual clause of the ACCA either. *See Johnson*, 135 S. Ct. at 2257 (holding the residual clause violates the Due Process Clause). Accordingly, Petitioner is actually innocent of the ACCA enhancement under which he was sentenced. He is therefore entitled to be resentenced on his underlying convictions for Felon in Possession of a Firearm and False Statement in Acquisition of Firearm absent the ACCA enhancement. Petitioner's 18 U.S.C. § 2255 Petition to Vacate Sentence and for Immediate Release, ECF No. 138, is **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's 18 U.S.C. § 2255 Petition to Vacate Sentence and for Immediate Release, ECF No. 138, is **GRANTED**.
2. Petitioner's sentence imposed pursuant to the Armed Career Criminal Act, ECF No. 74, is **VACATED**.
3. Petitioner Paul Hines **shall be released without delay** from the Bureau of Prisons and shall not serve the remainder of the sentence imposed.
4. Petitioner will be resentenced on the underlying convictions on **March 23, 2016** at 11:00 a.m. in **Yakima**, Washington. Petitioner must be present at that hearing.
5. The United States Probation Office **shall prepare** a timely amended presentence investigation report which will reflect Petitioner's actual innocence under the ACCA, and comply with the following schedule:

    (a)  Not less than **35 days prior to the date set for sentencing**, the Probation Officer shall disclose the presentence investigation report to counsel for Defendant and the Government. **Within 14 days thereafter**, counsel shall communicate in writing to the probation office any objections they may have as to any factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report.

**ORDER GRANTING 28 U.S.C. § 2255 PETITION TO
VACATE SENTENCE AND FOR IMMEDIATE RELEASE # 6**

Such communication may be oral initially, but shall immediately be confirmed in writing to the Probation Officer and opposing counsel.

Objections shall be numbered and identify the paragraph(s) to which the objection applies. Objections shall address the PSR in sequential order, beginning with the lowest numbered paragraph.

(b) After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the presentence report that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues and counsel shall make themselves available for that purpose.

(c) At least **10 days prior to the date of the sentencing hearing**, the Probation Officer shall submit the presentence report to the sentencing judge. The report shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The Probation Officer shall certify that the contents of the report, other than sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for the Defendant and the Government, and that the addendum fairly states any remaining objections.

(d) Except with regard to any written objection made under sub division (a), the report of the presentence investigation and computations shall be accepted by the Court as accurate. Upon a timely objection by the Defendant, the Government bears the burden of proof on any fact that is necessary to establish the base offense level. The Court, however, for good cause shown, may allow a new objection to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant, or the Government.

(e) Nothing in this Order requires the disclosure of any portions of the PSR that are not disclosable under Rule 32 of the Federal Rules of Criminal Procedure.

(f) The presentence report shall be deemed to have been disclosed: (1) when a copy of the report is physically delivered; or (2) one day after the report's availability for inspection is orally communicated; or (3) three days after a copy of the report or notice of its availability is mailed to counsel, whichever date is earlier.

(g) **Any memorandum or motion** regarding sentencing must be filed and served at least **15 days prior to the date set for sentencing**. The opposing party shall file and serve a response, if any, **within 7 days** of receipt of the motion.

(h) If it is determined that the Defendant may qualify for the safety valve (5C1.2), the parties must schedule a meeting to conduct a safety valve interview to determine if the Defendant has met the requirements of U.S.S.G. § 5C1.2(a)(5) **no later than 10 days prior to the sentencing hearing**. Counsel may request a continuance of the sentencing hearing if the ends of justice so require.

6. The United States Probation Office **shall assign** a Pretrial Services Officer to supervise Petitioner pending resentencing. The Office **shall inform** defense counsel of the officer assigned immediately.

7. Petitioner will be subject to the following pre-sentencing conditions of release:

    1. Petitioner shall not commit any offense in violation of federal, state or local law.
    2. Given his current residence in Tucson and the time needed to travel to the Eastern District of Washington, within five business days of release, Petitioner shall advise defense counsel of his release address, which defense counsel will immediately communicate to the assigned probation officer.

**ORDER GRANTING 28 U.S.C. § 2255 PETITION TO VACATE SENTENCE AND FOR IMMEDIATE RELEASE # 8**

3. Within 24 hours of receiving the identity of his probation officer, Petitioner shall contact said officer telephonically or in person and shall report as often as they direct, at such times and in such manner as they direct.

4. Petitioner shall appear at all proceedings as required.

5. Defendant shall not possess a firearm, destructive device or other dangerous weapon.

6. Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant may not possess or use marijuana, regardless of whether Defendant has been prescribed a medical marijuana card.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, Probation, and the U.S. Marshal Service who **shall immediately** serve a copy to the Bureau of Prisons.

**DATED** this 11th day of December 2015.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING 28 U.S.C. § 2255 PETITION TO VACATE SENTENCE AND FOR IMMEDIATE RELEASE # 9**